LAND, J.
The decree of this court in Pons v. Yazoo & M. V. R. R. Co., 131 La. 354, 355, 59 South. 721, recognized Mrs. Carmelite Pons’ title to the Lafreniere plantation subject to the certain reservations set forth as follows:
“It is further ordered and decreed that defendant’s right to retain possession of that portion of said plantation actually used and occupied by defendant, at the date. of the institution of this suit, for necessary railroad purposes, be recognized and enforced, on the condition, however, of paying to the plaintiff the market value of said portion, as of date August, 189S, with legal interest thereon from said date until paid.
“It is further ordered that the right of defendant be reserved to recover the enhanced value of the remainder of said plantation that may have resulted from any improvements and betterments thereon made by said defendant.
“It is further ordered that the defendant’s re-conventional demand for $15,000 be reserved for future adjudication.
“It is further ordered that whatever rights the plaintiff may have to recover rents and revenues be also reserved. .
“It is further ordered that our former decree, as thus amended, be made the final judgment of the court, and that this cause be remanded for further proceedings according to law and the foregoing provisions, and that the defendant pay costs in both courts.”
.The decree recognized Mrs. Pons’ title subject to the right of the defendant to retain possession of that portion of the plantation, actually used and occupied for railroad purposes at the date the suit was filed, and subject to defendants’ right to compensation for useful improvements made on the remainder of the plantation.
The determination of the portion so occupied and used is a prerequisite to the delimitation of the remainder of the plantation,, for which the defendant is accountable for rents, less enhanced value of the soil resulting from useful improvements thereon. As to rents, it is true that the court cannot compel the plaintiff to claim them in" the petitory action; but it is evident that the-quantum of rents cannot be determined until the area of land occupied for railroad purposes had been ascertained.
This decree was rendered in June, 1912.
The plaintiff in the case sued out a 'writ of error from the Supreme Court of the United States to this court, but the writ was dismissed for the reason that the state judgment was not final.
The suit of Mrs. Pons was a petitory action instituted in the parish of Jefferson, on, September 7, 1907. In her petition, the plaintiff reserved the right to claim rents and damages.
On June 22, 1908, Mrs. Pons instituted against the same defendant in the civil district court for the parish of Orleans an action to recover $159,025.79, for loss of rents, waste, damage, and injury, alleged to have been occasioned to her plantation by the defendants’ unlawful occupancy of the premises.
In October, 1908, the defendant excepted to the action as premature, and pleaded the suit in the district court for the parish of Jefferson as lis pendens.
*511 On November 9, 1912, the plaintiff filed a supplemental petition claiming additional rents and damages against tbe defendant railroad and its transferee tbe Illinois Central Railroad Company.
On December 17, 1912, by stipulation of counsel, further proceedings were suspended until after tbe decision of tbe Supreme Court of tbe United States on tbe writ of error .sued out in tbe first suit.
On March 19, 1915, tbe Yazoo ,& Mississippi Valley Railroad Company appeared, and pleaded tbe first suit as lis pendens, and tbe decree of this court therein as conclusive on tbe matters therein determined, and that no further proceedings should be bad until tbe first suit was finally tried and determined.
These exceptions were overruled, and tbe defendants thereupon applied to this court for writs of certiorari and prohibition.
In his answer to tbe rule nisi, our learned brother below states that, in bis opinion, tbe decree of this court in tbe first suit did not affect the right of the plaintiff to institute a separate suit for rents, revenues, and damages.
Our learned brother construes tbe decree of this court as vesting a perfect title in tbe plaintiff to tbe whole plantation. This construction is erroneous, as the decree reserves to tbe defendant railroad tbe right to beep possession of a large portion of tbe plantation on paying tbe market value of tbe same as in case of expropriation.
For tbe reasons set forth in tbe foregoing statement, we are of opinion that the orderly administration of justice requires that tbe trial of tbe suit in tbe civil district court should be stayed until tbe final decision of tbe petitory action between tbe same parties. See State v. Houssiere-Latreille Oil Co., 123 La. 863, 49 South. 596.
It is therefore ordered that the writ of prohibition herein issued be perpetuated to tbe extent above indicated.