## PEACOCK v. LUTZ & SCHRAMM CO.

(Supreme Court, Appellate Division, First Department. February 4, 1916.)

1. ACTION ⬅69—STAY—PENDENCY OF OTHER ACTION.

Plaintiff's assignor brought an action against defendant, a Pennsylvania corporation, in a court of that state to recover a certain amount, with interest, as commissions alleged to have been earned in the sale of defendant's goods, and after issue therein was joined plaintiff brought this action to recover the same amount upon the same cause of action. *Held*, that the plaintiff occupied no better position than his assignor

would have, if the action had been brought by it, and that the motion to stay trial until after the trial of the pending action should have been granted, and that it was no answer to the motion to say that defendant could set up in its answer the pendency of the other action.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 744–751; Dec. Dig. ☞69.]

2. ABATEMENT AND REVIVAL ☞13—PENDING ACTION IN FOREIGN JURISDICTION.

The pendency of an action in a foreign jurisdiction cannot, as a general rule, be pleaded in abatement of an action instituted in this state.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 92–98, 100; Dec. Dig. ☞13.]

Appeal from Special Term, New York County.

Action by Charles A. Peacock against the Lutz & Schramm Company. From an order denying a motion to stay the trial of the action until after the trial of an action pending in the state of Pennsylvania, defendant appeals. Order reversed, and motion granted staying the trial.

Argued before Clarke, P. J., and McLAUGHLIN, LAUGHLIN, SCOTT, and PAGE, JJ.

Theodore B. Richter, of New York City, for appellant.
Philip B. Adams, of New York City, for respondent.

McLAUGHLIN, J. Action to recover $1,445, with interest, commissions alleged to have been earned by C. J. Sutphen & Co., plaintiff's assignor, for the sale of pickles. Prior to the commencement of this action the plaintiff's assignor, on the 11th of June, 1915, brought an action in the ·court of common pleas ·of Allegheny county, Pa., to recover the same amount upon the same cause of action. Issue in that action was joined on the 23d of July, 1915, and this action was not commenced until the 30th of July, 1915.

The defendant is a Pennsylvania corporation and has its principal office in that state. Plaintiff's assignor is a resident of and engaged in business in the state of Illinois. The pickles, for the sale of which commissions are claimed, were sold in the state of Michigan, where it is asserted substantially the whole transaction took place. After issue had been joined, the defendant moved to stay the trial of the action until after the trial and final disposition of the Pennsylvania action. The motion was denied, and the appeal is from the order.

[1] I am of the opinion the motion should have been granted. The fact is not disputed that the cause of action, and the amount sought to be recovered, are precisely the same in each action, and that the action in this state was not commenced until issue had been joined in the other action. Under such circumstances, the plaintiff occupies no better position than his assignor would, had the action been brought by it. Barton v. Speis, 73 N. Y. 133. Plaintiff took the assignment subject to the rights existing between his assignor and the defendant at the time the assignment was made.

Morrison v. Schmeman, 166 App. Div. 264, 151 N. Y. Supp. 607, and Douglass v. P. Ins. Co., 138 N. Y. 209, 38 N. E. 938, 20 L. R.

A. 118, 34 Am. St. Rep. 448, upon which the learned justice at Special Term relied, as appears from his memorandum in denying the motion, are not controlling, nor do I think they have any application to the question presented. The case is quite similar to Allentown F. & M. Works v. Loretz, 16 App. Div. 72, 44 N. Y. Supp. 689. There the plaintiff, a Pennsylvania corporation having its place of business in that state, instituted two actions, one in equity and the other at law, in the state of Massachusetts, to enforce a claim upon which it thereafter brought two actions in the state of New York. After issue had been joined in the New York actions, the defendants moved to stay proceedings therein until after trial and determination of the actions brought in Massachusetts. It was held that an order staying proceedings in the New York actions was properly granted.

In Oppenheimer v. Carabaya Rubber & Nav. Co. (No. 1) 145 App. Div. 830, 130 N. Y. Supp. 587, this court held that an order denying a motion to stay proceedings in an action brought in this state should be reversed, and a motion granting such stay pending the trial of an action brought in England should be granted.

[2] It is no answer to the claim that a stay should be granted to say that the defendant could set up in its answer the pendency of the other action. In Douglass v. P. Ins. Co., supra, it was held that the pendency of an action in a foreign jurisdiction could not, as a general rule, be pleaded in abatement of an action instituted in this state.

The order appealed from, therefore, is reversed, with $10 costs and disbursements, and the motion granted, staying the trial of this action pending the discontinuance, or trial and final disposition, of the Pennsylvania action, with $10 costs. All concur.

---

## DE ROCHEMONT v. BOSTON & M. R. CO.

(Supreme Court, Appellate Division, First Department.    February 4, 1916.)

1. CARRIERS ⬦⟿153—LIMITING LIABILITY—AGREED VALUE—CARMACK AMENDMENT.

Under the Interstate Commerce Act (Act Cong. Feb. 4, 1887, c. 104, § 20, 24 Stat. 379), as amended by the Carmack Amendment (Act Cong. June 29, 1906, c. 3591, § 7, pars. 11, 12, 34 Stat. 595 [U. S. Comp. St. 1913, § 8592]), a bill of lading issued upon receiving an interstate shipment of household goods for carriage at a lower rate on an agreed value not exceeding $10 per 100 pounds, which classification was explained to the shipper who elected such rate, was effective to limit the shipper's recovery.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 687–690; Dec. Dig. ⬦⟿153.]

2. CARRIERS ⬦⟿94—ACTION FOR LOSS OF GOODS—SUFFICIENCY OF EVIDENCE—BILL OF LADING.

