[Civ. No. 4596. First Appellate District, Division One.—November 21, 1923.]

THE REDWOOD INVESTMENT CO. OF STITHTON, KENTUCKY, Appellant, v. ROSE EXLEY et al., Respondents.

[1] JURISDICTION — SPECIFIC PERFORMANCE—COURT OF SISTER STATE—COMITY.—The court of a sister state has jurisdiction to entertain a bill in equity to compel specific performance of a contract to convey real property situated in this state, where the plaintiff is a resident of such sister state and the defendant files an appearance in such action and makes defense.

[2] ID.—REAL PROPERTY—JUDGMENT OF COURT OF SISTER STATE.—Real property is exclusively subject to the laws and jurisdiction of the state where located, and no other laws or courts can affect it by an attempt to create, transfer, or vest title thereto; therefore, judgments and decrees which are rendered in one state cannot of themselves affect title to lands in another.

[3] ID.—DECREE OF COURT OF SISTER STATE—SPECIFIC PERFORMANCE—PLEADING.—A decree of a court of one state directing a conveyance of lands in another state may be pleaded as a basis or cause

of action or defense in the court of the latter state, and is entitled in such court to the force and effect of record evidence of the equities determined therein unless it be impeached for fraud.

APPEAL from a judgment of the Superior Court of Mendocino County. R. L. Thompson, Judge Presiding. Reversed.

The facts are stated in the opinion of the court.

G. E. Redwine and W. E. Cashman for Appellant.

Clarence A. Linn for Respondents.

TYLER, P. J.—Appeal from a judgment dismissing plaintiff's complaint.

A demurrer interposed by defendants was sustained by the trial court, and ten days were granted within which to amend. Plaintiff declined so to do, and the judgment of dismissal followed.

The action concerns the title to certain lands in this state. It appears from the complaint, which was filed May 18, 1921, that on July 9, 1913, Robert P. Daugherty, R. A. Viers, and M. C. Triplett were the owners in common of a certain tract of timber land situated in Mendocino County. On that day they entered into an agreement in writing in the state of Kentucky whereby they agreed to convey the same to plaintiff, a Kentucky corporation. Viers and Triplett executed conveyances according to their agreement, but Daugherty, who owned an undivided one-half interest in the lands, refused to do so, notwithstanding he had been paid the full consideration agreed upon. In consequence of such refusal plaintiff, on the twentieth day of May, 1914, commenced an action in specific performance against Daugherty in the circuit court of Hardin County, state of Kentucky, and in that action it was sought to compel Daugherty to convey to plaintiff his interest in the lands in question according to the terms of his contract. Plaintiff in the meantime had gone into possession, and had erected fences and constructed roads, buildings, and other improvements upon the land which it had occupied. Daugherty filed an appearance in the Kentucky action and made defense. The complaint herein sets forth the entire record in that action. It ap-

pears therefrom that after proceedings had to that end judgment was rendered against Daugherty, directing that he convey the property in question to plaintiff on or before April 15, 1915. Appeal was taken, but this judgment was affirmed and it became final January 11, 1917. Daugherty never complied with this judgment and decree, but, on the contrary, prior to the time limited for him to make a conveyance he executed a deed purporting to convey his interest in the land to one Rose Exley, one of the respondents herein. Upon receiving this conveyance Rose Exley and her husband, Martin D. Exley, executed a mortgage to Daugherty of the land so conveyed to them as security for payment of the sum of seven thousand dollars. This mortgage was subsequently assigned by Daugherty to defendants Thomas B. Daugherty and Frank McConnell. It is alleged that these several conveyances were made without consideration and with full knowledge by the various parties of the terms and effect of the Kentucky judgment and of R. P. Daugherty's lack of title. The complaint then goes on to allege that as a consideration for the contract to convey the land to plaintiff Daugherty was to and did receive the sum of one thousand dollars in cash and one hundred shares of the capital stock of plaintiff corporation, the equivalent of the sum of ten thousand dollars, which sum was the reasonable value of Daugherty's interest in the land, all of which he has retained.

Plaintiff prayed that it be decreed to be the owner in fee of Daugherty's interest; that his deed to Rose Exley and the mortgage executed by her to Daugherty, together with the assignment thereof, be declared null and void; that Rose Exley be compelled to convey the land to plaintiff, and that her husband be decreed to have no interest therein. General relief is also prayed for.

To this complaint defendants Rose Exley and her husband—who are the only defendants who have appeared—filed a demurrer, both general and special, raising various objections to its sufficiency. It was alleged thereunder as one of the grounds of demurrer that the complaint did not state facts sufficient to constitute a cause of action. The statute of limitations was also pleaded. The trial court sustained the demurrer and, plaintiff refusing to amend, judgment of dismissal followed.

It is the claim of appellant that the trial court erred in that it failed to accord to the Kentucky judgment the full faith and credit and the effect to which it was and is entitled under the constitution of the United States and the general laws of Congress enacted in pursuance thereof.

[1] It must be conceded that the Kentucky court had jurisdiction to entertain the bill for specific performance of the contract of the parties, although the land is situated in this state (2 Story's Equity Jurisprudence, sec. 743 et seq.). It is claimed, however, that, although full faith and credit must be given to the judicial proceedings of the several states, it has never been held that the "full faith and credit" clause of the constitution permits the courts of one state to control the title to real property situated in another; that to give such a construction to the judgment would be to surrender to the Kentucky court the power to control the title to real property in this state. Accordingly, it is contended by respondents that the judgment here sued on is impotent as the basis of plaintiff's action, and the demurrer was properly sustained.

In support of this position we are cited to the case of *Fall* v. *Eastin*, 215 U. S. 1 [17 Ann. Cas. 853, 23 L. R. A. (N. S.) 924, 54 L. Ed. 65, 30 Sup. Ct. Rep. 3, see, also, Rose's U. S. Notes], and the recent case of *Taylor* v. *Taylor*, 192 Cal. 71 [218 Pac. 756].

The case of *Fall* v. *Eastin*, was one wherein a Washington court, in an action where it had jurisdiction of the parties and subject matter, determined the equities in certain property situated in Nebraska; the successful litigant in the Washington court sought to enforce the judgment in Nebraska against persons who succeeded to the property with full knowledge of the Washington judgment and without a consideration; the Nebraska court refused to directly enforce the Washington judgment, and the supreme court of the United States sustained its action. It was held that while a court of equity acting upon the person of the defendant may decree a conveyance of land in another jurisdiction and enforce the execution of the decree by process against the defendant, neither the decree nor any conveyance under it except by the party in whom title is vested is of any efficacy beyond the jurisdiction of the court; that to concede such power would be to attribute to such a decree

the force and effect of a judgment *in rem* by a court having
no jurisdiction of the *res.* It was there further held that
the full faith and credit clause of the constitution does not
extend the jurisdiction of the courts of one state to property
situated in another, but only makes the judgment conclusive
on the merits of the claim, or subject matter of the suit;
and the courts of the state in such a case do not deny full
faith and credit to a decree of courts of another state by
holding that it does not operate directly upon and transfer
the property.

Such, in effect, is the rule laid down in the Taylor case
*supra,* where it is held that the courts of one state cannot
make a decree which will operate to change or directly
affect the title to real property beyond the territorial limits
of its jurisdiction, such decree being effectual only by means
of the court's power over the person of the parties before it.
The reason for the rule is there stated to be that jurisdiction
to affect the title to real estate by a judgment *in rem* or
directly against the thing itself exists only in the courts of
the state wherein the land is situated.

[2] There can be no question that real property is ex-
clusively subject to the laws and jurisdiction of the state
where located, and that no other laws or courts can affect it
by an attempt to create, transfer, or vest title thereto.
Judgments or decrees, therefore, which are rendered in one
state cannot of themselves affect title to lands in another.
From the very nature of the property land must be gov-
erned by the *lex loci rei sitae.* [3] But this does not mean
that a decree directing a conveyance is without its effect *per
se.* It may be pleaded as a basis or cause of action or de-
fense in the courts of the state where the land is situated,
and is entitled in such a court to the force and effect of
record evidence of the equities therein determined unless it
be impeached for fraud 2 Black on Judgments, sec. 872;
*Burnley* v. *Stevenson,* 24 Ohio St. 474 [15 Am. Rep. 621]).

The complaint, therefore, states a cause of action upon the
judgment. It also contains allegations to the effect that re-
spondents herein took with notice of the infirmity of Daugh-
erty's title and that Rose Exley was not a *bona fide*
purchaser. These allegations must be deemed true for the
purposes of demurrer. This being so, it follows that the

court committed error in sustaining the demurrer to the complaint.

No question of the statute of limitations is involved. The Kentucky judgment became final January 11, 1917, and the action was commenced within five years thereafter.

The judgment is reversed.

St. Sure, J., and Needham· J., *pro tem.*, concurred.

A petition by respondents to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 17, 1924.