### DALE v. DALE.

### No. 3686.

Court of Civil Appeals of Texas. Beaumont. June 7, 1940.

Rehearing Denied June 19, 1940.

George Sergeant and Garland Armstrong, both of Dallas, for appellant.

Frank & Frank, of Dallas, for appellee.

O'QUINN, Justice.

This is an appeal from a judgment in a divorce case. Appellee, Genevieve Dale, sued appellant, James D. Dale, for a divorce and an adjustment of their property rights. She alleged cruel treatment consisting of numerous specified acts, including personal physical assaults, and threats to take her life, insulting acts and conduct toward her mother who at times resided with them, temporary abandonment, constant drunkenness and other wanton acts of humiliation. She prayed for divorce, maintenance during the pendency of the suit, partition of the community property and that she be adjudged one-third of the separate property of defendant. Her petition was duly verified. On application the court ordered appellant to pay appellee the sum of $100 per month for her support during the pendency of the suit.

Appellant answered by general demurrer, general denial, and specially denied certain allegations of fact in appellee's petition and also plead condonement by appellee of the matters alleged. He specially plead that he did not interpose any defense to the action for divorce, but opposed the property adjustment sought by her.

Trial was to the court without a jury, and judgment entered in favor of appellee for divorce, reciting that both parties appeared in person and by attorney, and that the court found that the material allegations alleged by appellee were true and supported by the evidence, and disposing of the community property, and further awarded appellee, for her support and maintenance, one-fourth of the stock in the Briggs-Weaver Machinery Company owned and held by appellant (308 shares of the value of $100 per share), 77 shares, amounting to $7,700 in value, together with an attorney's fee of $500. Before said judgment was entered of record, appellant on August 21, 1939, filed motion to modify same, setting out at great length reasons why the judgment should be modified. We do not believe that any good purpose would be served by setting out the various matters pleaded by defendant in this motion. This motion was verified. On September 9, 1939, appellant filed a second motion to modify the judgment again setting out at great length the various reasons and charges against appellee why the judgment should

either be set aside in toto or modified, repeating with additions the matters set out in the first motion.

To these motions appellee duly filed verified answer. On September 13, 1939, the matter was called for hearing, each of the litigants appearing in person and by counsel, and a trial on all of the issues were tried by the court without a jury, and judgment entered granting appellee a divorce from appellant, the court in his judgment again reciting that he found all of the material facts alleged by appellee as grounds for her cause of action to be true and supported by the evidence; the judgment reduced the $100 per month granted in the prior judgment for support and maintenance of appellee, to $50 per month to be paid to her by appellant; again disposed of the community property; and reduced the award to appellee of 77 shares of the 308 shares of the stock owned and held by appellant in the Briggs-Weaver Machinery Company to 40 shares, amounting to $4,000 in value.

Other motions were filed by appellant—original and amended motions for a new trial; original and amended motions to discontinue alimony. The court sustained this last motion, and entered an order discontinuing the alimony theretofore allowed. The motion for a new trial was overruled. This appeal is from that order.

In 1929, appellant and appellee were married in Wichita County, Texas. They lived together until February 8, 1935, when they separated. On application of appellee they were divorced on March 21, 1935. June 6, 1935, they remarried in Kaufman County, and lived together until about March 25, 1939, when they separated, and appellee filed this suit for divorce, and a settlement of their property rights. This suit resulted as above stated.

Appellant makes no complaint other than to the action of the court in awarding to appellee 40 shares of the stock of appellant in the Briggs-Weaver Machinery Company. It is contended that the court abused his discretion in making said award. Article 4638, Vernon's Annotated Civil Statutes, provides: "The court pronouncing a decree of divorce shall also decree and order a division of the estate of the parties in such a way as the court shall deem just and right, having due regard to the rights of each party and their children, if any. Nothing herein shall be construed to compel either party to divest himself or herself of the title to real estate."

On oral submission it was agreed that the only question for decision was whether in making the award to appellee of 40 shares of stock in the Briggs-Weaver Machinery Company, which was the separate property of appellant, the court abused his discretion. The court twice heard the evidence and both times sustained appellee finding that all the material allegations in her petition were true and were sustained by the evidence. She was married to appellee at the age of twenty-one and lived with him some six years, when, because of alleged cruel treatment, she had to separate from appellant and sued for and obtained a divorce in March, 1935. In the short time of about two and one-half months, appellant wooed and won her consent to a remarriage, and on June 6, 1935, she married him again. She continued to live with appellant until March 25, 1939, when, because of alleged cruel treatment she again separated from him, and brought this suit for divorce. Appellant after living with her for some ten years, and knowing full well whether the acts of cruelty charged against him were true, made no defense—offered no evidence to rebut her charges. As stated above, the court twice heard the evidence in this case and sustained appellee's charges, finding appellant guilty of the cruelty alleged, and so finding appellee the unoffending party. After having given appellant the ten most precious years of her life, from twenty-one to thirty-one—and as the court sustained the allegations of her petition he must have found that appellee performed fully her part of the marital duties—how can it be said that the court mindful of his duty to deal out justice to both parties, abused his discretion in awarding $4,000 out of $30,800 of personal property to appellee. There is a statement of facts in the record consisting of nearly 500 pages and after a careful consideration of the whole record, we find the judgment fully supported by the evidence. Numerous cases could be cited similar on the facts sustaining the judgment.

It amply appearing that the court did not abuse his discretion in making the final award of the property, the judgment should be affirmed, and it is so ordered.

Affirmed.