### COLLINS PIANO CO. v. MYERS et al.
### No. 5280.

Court of Civil Appeals of Texas. Amarillo.
March 31, 1941.

Rehearing Denied May 12, 1941.

J. Benton Morgan, of Greenville, for appellant.

Grady Hazelwood, of Amarillo, for appellee.

JACKSON, Chief Justice.

The record shows that the Collins Piano Company is a corporation with its principal place of business and office in Greenville, Hunt County, Texas. G. G. McBrayer is the consignment agent of such piano company and he and Austin Myers reside in Potter County, Texas, while Vern Underhill, the sheriff of Hutchinson County, and A. S. Megert reside in Hutchinson County, Texas.

On December 23, 1939 Collins Piano Company as plaintiff filed suit, Cause No. 7933, in the County Court of Hunt County, Texas, against G. G. McBrayer as defendant on a written consignment contract executed by the defendant on August 10, 1938 and performable in Hunt County and the obligations arising thereunder were payable in said county. The plaintiff sought to recover one Kimball grand piano of the alleged market value of $400.

On December 27, 1939, four days later, Austin Myers as plaintiff filed suit, Cause No. 1145, in the County Court of Hutchinson County against the defendants, Collins Piano Company, A. S. Megert and Vern Underhill, the sheriff, to recover one Kimball grand piano of the alleged value of $400. It is conceded that the same piano is the property involved in each suit.

The plaintiff in his suit in Hutchinson County, Cause No. 1145, alleged that he owned the piano; that the Collins Piano Company had directed Vern Underhill, the sheriff, to take posession of the piano which at the time was located in the First Christian Church in Borger, Texas; that pursuant to said direction, but without authority of law, the sheriff did take possession of the property and delivered it to A. S. Megert. He charged that the defendants converted the piano to their own use and benefit to his damage in the sum of $700.

On the same day Austin Myers instituted sequestration proceedings in Hutchinson County under which the sheriff sequestered the piano and stored it with Megert Music Company at Borger, Texas.

On January 9, 1940 the Collins Piano Company filed a supplemental pleading in Cause No. 7933 in Hunt County and made Austin Myers a party defendant to its suit. On or about March 1st thereafter Myers filed in the County Court of Hunt County his plea of privilege to be sued in Potter County where he resides. The piano company promptly filed its controverting affidavit and Austin Myers answered to the merits of the case subject to his plea of privilege.

The citation issued to Collins Piano Company in Suit No. 1145 pending in Hutchinson County was served on February 18, 1940 but the officer's writ thereon was defective and was amended by order of the court and filed with the clerk in Hutchinson County on April 5, 1940. On March 11, 1940 the Collins Piano Company filed in Cause No. 1145 in Hutchinson County its plea in abatement alleging that it had not been served with legal process; that a suit, Cause No. 7933, had been instituted in the County Court of Hunt County on December 23, 1939 by said company against G. G. McBrayer involving the same piano which was filed four days prior to the institution of suit No. 1145 in Hutchinson County, for which reason the County Court of Hutchinson County never acquired jurisdiction of the subject matter in controversy.

On March 21, 1940 the County Court of Hutchinson County entered a default judgment in Cause No. 1145 against all the defendants for title and possession of the piano if the instrument should be restored and if not, a judgment for the sum of $400, the reasonable value of the piano, and also adjudged against the Collins Piano Company as additional damages the sum of $50 and costs. On March 23d thereafter the Collins Piano Company filed in the County Court of Hutchinson County a motion to set aside the judgment entered against it on

March 21st and thereafter on April 10th filed its amended motion in which it recited all the proceedings had in each of the courts, attached thereto as exhibits copies of the pleadings filed in each court, the petitions, the plea in abatement, the plea of privilege, the controverting affidavit, the amended petitions, the answers, the orders of the court and the consignment contract made between the piano company and G. G. McBrayer. These instruments, together with the fact finding of the trial court, disclose the entire proceedings in each court. It was agreed that the exhibits attached to the amended motion, whether signed or not, were true and correct and reflected the true facts.

There is no statement of facts in the record but the findings of fact by the trial court, a résumé of which we have given, are conceded to be correct and present clearly the facts and circumstances on which the legal questions presented are based.

The court overruled the plea in abatement and the plea to jurisdiction and all matters urged in the motion for a new trial. He concluded as a matter of law that the County Court of Hutchinson County had jurisdiction of Cause No. 1145 when originally filed and did not lose such jurisdiction by the filing of the supplemental petition by the piano company in Cause No. 7933 in the County Court of Hunt County on January 9, 1940 by which Austin Myers was made a party defendant in that suit. He also held that the default judgment entered on March 21, 1940 against the defendants in the suit pending in Hutchinson County should not be set aside, but was a valid, enforceable judgment. As a basis for his conclusions he says: "I further conclude as a matter of law that the right of plaintiff, Austin Myers, to maintain his suit here is based solely and alone upon the legal proposition that the defendant, Collins Piano Company, could not take away the jurisdiction of this court by amending its pleadings in Hunt County and making Austin Myers a party thereto. If I am mistaken in the above proposition of law then the plea in abatement should have been sustained and this cause abated."

The appellant by proper assignments challenges the jurisdiction of the County Court of Hutchinson County to hear and determine Cause No. 1145 since the record shows without dispute that the County Court of Hunt County by suit previously instituted first acquired jurisdiction of the subject matter involved in this litigation.

It is uncontroverted that the institution of the suit by appellant, the Collins Piano Company, in the County Court of Hunt County was prior to the filing of the suit by Austin Myers in the County Court of Hutchinson County but that the pleading making Austin Myers a party to the suit in Hunt County was not filed until January 9, 1940.

The fact findings of the trial court and his conclusions of law, together with the record, eliminate the question of negligence on the part of the Collins Piano Company for failure to be present and answer when the default judgment was entered against it on March 21st and also determines by implication that it had a meritorious defense to the cause of action alleged against it by Mr. Myers in the County Court of Hutchinson County.

The only question for our determination is whether because of Suit No. 7933 instituted in Hunt County by appellant on December 23, 1939 against G. G. McBrayer and the amended pleading filed therein on January 9, 1940 making Austin Myers a party defendant to the suit in Hunt County the court of said county acquired and held jurisdiction of the cause to the exclusion of the County Court of Hutchinson County in the suit filed therein on December 27, 1939.

It is the general rule in Texas that a court in which a suit is first filed, provided it possesses the power and authority to adjudicate the matters involved, retains jurisdiction over the subject matter and the controversy until the rights are adjudicated, and cannot be deprived thereof by the institution of a suit later in a court of concurrent jurisdiction. 11 Tex.Jur. 775, para. 52.

It is conceded that the County Court of Hunt County had jurisdiction over the subject matter and the power to adjudicate the controversy if it first acquired jurisdiction under the facts above related.

In our opinion the holding of the Supreme Court in Cleveland et al. v. Ward, Judge, et al., 116 Tex. 1, 285 S.W. 1063, 1069, is conclusive against the contention of appellee. In that opinion the late Chief Justice Cureton says:

"When suit was filed in the Johnson county district court, the jurisdiction of

that court attached, with power on the part of the court to permit the pleadings to be amended and amplified, new parties to be made, to determine all essential questions, and to do any and all things with reference thereto authorized by the Constitution and statutes, or permitted district courts under established principles of law.

\* \* \* \* \*

"The district court of Johnson county, then, in permitting the pleadings in that court to be amended so as to bring in parties interested in and to be affected by the decree sought, acted clearly within its express statutory jurisdiction and power to permit additional parties to be made 'when they are necessary or proper parties to the suit.'

"The case therefore stands in that court, in so far as any jurisdictional question is concerned, precisely upon the same basis as if the original pleading filed had embraced fully the declarations of the last amendment, and had made all of those who are now parties to the suit parties in the first instance.

"Since jurisdiction attached upon filing the suit in Johnson county, the rule is elementary that it could not be taken away or arrested by the subsequent proceedings in another court.

\* \* \* \* \*

"Since the Dallas county district court had no jurisdiction of this particular case, what was done therein was necessarily void, for judicial action without jurisdiction is void."

In V. D. Anderson Co. et al. v. Young, Judge, et al., 128 Tex. 631, 101 S.W.2d 798, 800, Judge Critz, speaking for the Supreme Court, announces the law as follows: "It is the general rule in this state that where a suit has been first filed in a court of competent jurisdiction, and such court has all necessary parties before it, or has the power to bring them before it, it has the prior right to exercise active jurisdiction of such case, and no other court in this state in which such suit is subsequently filed has the right to interfere."

We are not passing on the plea of privilege filed by Austin Myers in the County Court of Hutchinson County nor are we passing on the merits of the controversy as to the ownership of the piano involved in this controversy, but we are of the opinion that the County Court of Hutchinson County was without jurisdiction because of the suit theretofore filed in Hunt County and should have sustained appellant's plea in abatement and dismissed the suit.

The judgment is therefore reversed and the case dismissed.