[Civ. No. 17420.   Second Dist., Div. Three.   Feb. 17, 1950.]

MRS. HELENE SIMMONS, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Gibson, Dunn & Crutcher, Julian O. von Kalinowski, Robert G. Bailey and Sherman Welpton, Jr., for Petitioner.

No appearance for Respondent.

Joseph Scott for Real Party in Interest.

VALLÉE, J.—Petitioner seeks a writ of prohibition to restrain the Superior Court of the County of Los Angeles from taking any further proceedings in an action entitled "FRANK A. SIMMONS v. MRS. FRANK A. SIMMONS, et al.," No. 555768, until the final determination of an action pending in the District Court of Harris County (Houston), Texas, entitled "HELENE SIMMONS v. FRANK A. SIMMONS," No. D-363483. Petitioner Helene Simmons, referred to as the "wife," is the same person as Mrs. Frank A. Simmons. Frank A. Simmons is referred to as the "husband."

February 10, 1949, the wife commenced an action against the husband in the District Court of Harris County, Texas. In her petition she prayed for (1) a divorce; (2) a restraining order enjoining the husband from withdrawing funds from certain corporations, all of the stock of which was alleged to be owned by her, and from disposing of any of said stock; (3) a determination of property rights between the wife and the husband; (4) the appointment of a receiver of the stock and seals of the corporations; (5) an accounting; and (6) general relief. The same day the Texas court appointed a receiver to take charge of "all stock certificates now in the possession of the Defendant, or under his control, and the corporate seals of the following corporations: WYNN-CROSBY DRILLING COMPANY, CROSBY DRILLING CORPORATION, and A. W. CROSBY, INC.," and issued an order restraining the husband from using the stock certificates in said corporations for any purpose. Later the wife filed an amended petition praying also (1) for a decree adjudging specified property to be the separate property of the wife and that the husband has no right, title or interest therein, (2) that she recover from the husband all of her stocks and other property and all money owing by him to her, and (3) that a lien be impressed upon all property of the husband to secure such obligations, and for foreclosure of the lien.

February 15, 1949, the husband commenced an action against the wife in respondent court. In his complaint he alleged he is the owner of an undivided half interest in certain stock issued to the wife (being all of the stock alleged by the wife in the Texas action to be her separate property), in United States Savings Bonds issued to the wife in bank

accounts in the name of the wife, in safe deposit box contents (the safe deposit boxes being in the name of the wife), and in two parcels of real estate located in California standing of record in the name of the wife. He alleged that the property stands for convenience in the sole name of the wife, and that the wife claims the entire interest thereof adverse to him. He prayed that the court declare and decree the rights and duties of the parties in respect to each other and "in respect to, in, under or upon the property." Upon the filing of the complaint the stock certificates and savings bonds were deposited with the clerk of the court.

March 26, 1949, the wife appeared in the California action by filing an answer.

May 2, 1949, the husband appeared in the Texas action by filing a plea in abatement and an answer.

July 26, 1949, upon motion of the wife, the California action was removed to the United States District Court for the Southern District of California. The removal was based on the allegation of the husband in his complaint that he is a resident of California and of the wife in her answer that she is a resident of Texas.

September 23, 1949, after a petition to remand by the husband and a contest thereof, the California action was remanded to the state court for the reason that diversity of citizenship did not exist. The United States court expressly found and decreed that at the time of the commencement of the California action, and at all times since, the husband and the wife were residents of Texas.

October 17, 1949, the wife moved respondent court for an order staying all further proceedings in the California action until the final determination of the Texas action. Her motion was denied. This proceeding followed.

Petitioner bases her petition upon the grounds (1) the Texas court acquired prior jurisdiction over the persons and subject matter of the case, its authority continues until the matter is completely and finally disposed of, and the California court should not interfere with the Texas court's action; and (2) the California court, as a matter of comity, should stay proceedings in the California action pending final determination of the Texas action which will be determinative of the issues involved in the California action.

It is settled California law that the pendency of a prior action in a court of competent jurisdiction, predicated on the same cause of action and between the same parties,

constitutes good ground for abatement of a later action within the same jurisdiction either in the same court or in another court having the jurisdiction (1 Cal.Jur. § 4, p. 23); and it is held that the first court to assume and exercise jurisdiction in a particular case acquires exclusive jurisdiction and prohibition lies to restrain another court from proceeding if it is threatening to do so. (*Browne* v. *Superior Court,* 16 Cal.2d 593, 597 [107 P.2d 1, 131 A.L.R. 276]; *Myers* v. *Superior Court,* 75 Cal.App.2d 925, 930 [172 P.2d 84]; *Rilcoff* v. *Superior Court,* 50 Cal.App.2d 503 [123 P.2d 540]; *Wright* v. *Superior Court,* 43 Cal.App.2d 181, 183 [110 P.2d 529].)

The rule which governs in the case at bar is that which applies between courts of different states.

Petitioner did not seek an "abatement" of the California action. She merely sought a "stay of proceedings." While an "abatement" and a "stay of proceedings" are in some respects similar, they are not identical. To abate a suit is to put an end to its existence. (*Dodge* v. *Superior Court,* 139 Cal.App. 178, 181 [33 P.2d 695].) Abatement is ordinarily a matter of right. The general rule is that the "pendency of a prior suit in one state cannot be pleaded in abatement or in bar to a subsequent suit in another state even though both suits are between the same parties and upon the same cause of action." (1 Am.Jur. § 39, p. 42.) However, "the court in which the second action is brought may in its discretion stay or suspend that suit, awaiting decision in the first one, or, influenced by a spirit of comity, may refuse to entertain it, if the same relief can be awarded in the prior suit." (1 Am.Jur. § 39, p. 44.) In *Dodge* v. *Superior Court,* 139 Cal.App. 178 [33 P.2d 695], the superior court had stayed proceedings in an action until the final determination of an action first commenced and pending in the state of Washington between the same parties and involving the same subject matter. A writ of mandate was sought to compel the superior court to proceed with the trial of the action. In denying the writ, the court stated, pages 181-182: "While it is unquestionably the law that the pendency of a prior action in another state between the same parties, involving the same cause of action, does not entitle a party as a matter of right to an abatement of a second suit, we think it is equally true that it is within the discretion of the court in which the second action is pending to stay the same until after the decision of the first (*Beneke* v. *Tucker,* 90 Or. 230 [176 P. 183]), and

that the principle of comity between the states calls for the refusal on the part of the courts of this state to proceed to a decision before the termination of the prior action (*Sulz* v. *Mutual Reserve Fund Assn.*, 145 N.Y. 563 [40 N.E. 242, 28 L.R.A. 379]) ; and in our opinion the fact that the first case, as here, after a long trial has resulted in a decision on the merits which is before the Supreme Court of the state on appeal, would make a refusal to so stay the second action almost an abuse of discretion by the trial court." On a later appeal after the Washington judgment had been affirmed on appeal, it was held that it was res judicata and binding on the plaintiff in the California action. (*Canfield* v. *Scripps,* 15 Cal.App.2d 642 [59 P.2d 1040].)

In conformity with the rule of comity a federal court "which first takes the subject matter of a litigation into its control for the purpose of administering the rights and remedies with relation to specific property [mining claims] obtains thereby jurisdiction so to do, to the exclusion of the exercise of a like jurisdiction by other tribunals [a California court], the powers of which are sought to be invoked by parties or their privies to the original action." (*Cutting* v. *Bryan,* 206 Cal. 254, 257 [274 P. 326], cert. den., 280 U.S. 556 [50 S.Ct. 16, 74 L.Ed. 611].) California courts are not warranted in taking jurisdiction of a proceeding to remove a trustee where a proceeding to remove the trustee is first commenced in Arizona where the trustee was appointed and "when it [the California court] assumes to act it is acting improperly and in excess of its rightful authority." (*Schuster* v. *Superior Court,* 98 Cal.App. 619, 628 [277 P. 509].) The fruits of the recognition of the rule of comity "have been so beneficent, when applied to courts of concurrent jurisdiction created by different sovereignties, as to justify the conclusion that it is not only a rule of comity, but one of necessity," (*Phelps* v. *Mutual Reserve Fund Life Ass'n.,* 112 F. 453, 465 [50 C.C.A. 339, 61 L.R.A. 717]) and "a court should ordinarily decline to entertain jurisdiction of the issue under the doctrine of comity." (*Moody* v. *Branson,* 192 Okla. 327 [136 P.2d 925, 928].)

█  The rule which forbids a later action in the same state between the same parties involving the same subject matter rests upon principles of wisdom and justice, to prevent vexation, oppression and harassment, to prevent unnecessary litigation, to prevent a multiplicity of suits,—in short, to prevent two actions between the same parties involving the same sub-

ject matter from proceeding independently of each other. We think there is no distinction in reason or difference in principle between a case where a later action between the same parties involving the same subject matter is commenced in the same state and a case where a later action between the same parties involving the same subject matter is commenced in another state. If proceedings should be stayed in the first case mentioned, it is in order to avoid a multiplicity of suits and prevent vexatious litigation, conflicting judgments, confusion and unseemly controversy between litigants and courts. Any and all of this may occur where the later action is commenced in another state, as well as where it is commenced in the same state. (14 Am.Jur. § 243, p. 436.)

Thus the question is whether respondent court abused its discretion in denying the motion of the wife to stay proceedings until the final determination of the Texas action. (*Evans* v. *Evans,* (Tex.Civ.App.) 186 S.W.2d 277, 279; *Cohen* v. *Cohen,* (Tex.Civ.App.) 194 S.W.2d 273, 275-276; *Peacock* v. *Lutz & Schramm Co.,* 171 App.Div. 256 [157 N.Y.S. 175]; *Levy* v. *Pacific Eastern Corp.,* 154 Misc. 655 [277 N.Y.S. 659]; *Oppenheimer* v. *Carabaya Rubber & Nav. Co.,* 145 App.Div. 830 [130 N.Y.S. 587]; *Dotson's Adm'r* v. *Ferrell,* 293 Ky. 470 [169 S.W.2d 320, 321]; *Moore* v. *Maryland Casualty Co.,* 74 N.H. 47 [64 A. 1099]; anno.: 81 L.Ed. 176; 1 C.J.S. §§ 14, 15, p. 41; § 133, p. 1405; § 133, p. 1410; 21 C.J.S. § 548, p. 855; 1 C.J. § 426, p. 1165.)

We think it manifest that respondent court abused its discretion in not staying, as a matter of comity, further proceedings in the California action until the final determination of the Texas action. The parties are residents of Texas. The decision of the United States District Court on this question is res judicata. (*Texarkana Telephone Co.* v. *Bridges,* 75 Ark. 116 [86 S.W. 841, 5 Ann.Cas. 246]; 54 C.J. § 253, p. 333; §§ 328-339, p. 367; 45 Am.Jur. § 154, p. 918; § 196, p. 946; § 203, p. 950; anno.: 5 Ann.Cas. 247; Ann.Cas. 1912A 237; cf., *Bernhard* v. *Bank of America,* 19 Cal.2d 807, 813 [122 P.2d 892].) They were married September 30, 1944. At that time the wife was a wealthy widow, possessed of real and personal property of the approximate value of one million dollars. Among her properties were all of the stock except 1,200 shares in two oil companies, Wynn-Crosby Drilling Company and A. W. Crosby, Inc., Texas corporations. Crosby Drilling Company, a corporation organized under the

law of Louisiana, was owned by Wynn-Crosby Drilling Company. The 1,200 shares at that time were owned by her son and were acquired by her shortly after her marriage. The principal place of business and office of each corporation is, and always has been, in Houston, Texas. None of the corporations has ever done any business in California. The wife says that no stock in these companies has ever been issued or transferred to the husband. The persons who have kept the records of the corporations are in Houston, Texas. For more than two years the wife has been seriously ill, and since September of 1948, has required the constant care and supervision of a registered nurse. She is in a critical physical condition and unable to appear personally at a trial of the California action. She is able to appear in court in Texas for short periods.

In her complaint in the Texas action the wife avers, in addition to facts constituting cruelty, that she has been a resident of Texas for more than 20 years and that she has maintained a summer residence in Pacific Palisades, California (real estate acquired before her marriage in which the husband in the California action alleges he has a half interest), for the past three or four years; that the husband by means of fraud, specifically averred, has gained control of the stock and management of the corporations; and that the stock of the corporations is her separate property. These averments are denied by the husband. In his answer in the Texas action he alleged the property claimed by the wife is jointly owned by the wife and the husband.

The property claimed by the wife to be her separate property in the Texas action includes all of the property in which the husband in the California action alleges he has a half interest. It was stated at the oral argument, and not denied, that a short time before the Texas action was filed the husband, without the knowledge or consent of the wife, flew from California to Texas, obtained the stock certificates, which are not endorsed, and the United States Savings bonds from a safe deposit box, immediately flew back to California, and on February 15, 1949, commenced the California action and deposited the certificates and bonds with the clerk of respondent court. These certificates and bonds are all issued to the wife. Most of them were issued prior to the marriage of the parties.

The Texas court, on the day the action was commenced there, appointed a receiver of the stock, the subject of both actions, and the seals of the corporations. The receiver was

not able to take the stock certificates into his possession because the husband had removed them from Texas. It is not shown that the receiver did not take the seals of the corporations into his possession. We assume that he performed his official duty and did so. The property in which the husband in both the Texas and the California actions claims a half interest stands in the name of the wife and is presumptively her separate property. Neither the complaint of the husband in the California action, nor his answer in the Texas action, discloses the facts as to how he acquired a half interest in the presumptively separate property of the wife. They merely allege that he is the owner of an undivided half interest therein. The property which is the subject of the California action is and was prior to the commencement of that action the subject of the Texas action. The Texas action seeks a determination of the rights of the wife and the husband in this property. The cause of action alleged in the California action involves a determination of the rights of the wife and the husband in the same property. All the witnesses, with the possible exception of the husband who is a resident of Texas, and all books and records pertaining to the ownership of the property involved and necessary to establish the facts common to both actions, are in Texas.

The wife has repeatedly sought to bring the Texas action to an early trial. On each occasion her efforts have been opposed by the husband. On November 10, 1949, the Texas court made an order which recited that the court had received the promise and assurance of the attorney for the husband that no attempt would be made by the husband to bring the California action on for trial and that the court relying upon said promise and upon other matters ordered: ''It Is Accordingly Ordered, on this 10th day of November, 1949, that the above entitled and numbered cause, in which the Plaintiff announced 'ready' for trial at the call of the docket on the morning of November 4, 1949, and at which time the Defendant announced 'not ready,' be continued or postponed until the trial week of this Court beginning November 21, 1949, and the said Defendant's motion for continuance is granted to that extent and is otherwise denied; and It Is Further Ordered that the above entitled and numbered cause be preferentially set for trial over all other cases set on the jury docket for the week beginning November 21, 1949, and all costs of this Motion for Continuance are charged against the Defendant.''

The Texas action and the California action are between the same parties and involve the same subject matter. The Texas action will be determinative of all issues included in the California action. Under the law of Texas the court has power in an action for divorce to decree a division of the personal property, separate and community, of the parties in such manner as in its discretion it deems just and right. The court has power to determine and decree that specific property is owned by one or the other of the spouses. (*Jones* v. *Jones,* (Tex. Civ.App.) 211 S.W.2d 269; *Tims* v. *Tims,* (Tex.Civ.App.) 201 S.W.2d 865, 868; *McGarraugh* v. *McGarraugh,* (Tex.Civ. App.) 177 S.W.2d 296; *Dale* v. *Dale,* (Tex.Civ.App.) 141 S.W.2d 718; *Grissom* v. *Grissom,* (Tex.Civ.App.) 137 S.W.2d 227; *Scott* v. *Ft. Worth Nat. Bank,* (Tex.Civ.App.) 125 S.W.2d 356, 362; *Helm* v. *Helm,* (Tex.Civ.App.) 291 S.W. 648, 649; *Hedtke* v. *Hedtke,* 112 Tex. 404 [248 S.W. 21]; *Rudasill* v. *Rudasill,* (Tex.Civ.App.) 219 S.W. 843; 15 Tex. Jur. § 105 et seq., p. 580; 4 Tex.Jur. 10-Yr. Supp. § 105 et seq., p. 336.) Under the law of Texas the court also has power by decree to compel a party of whom it has jurisdiction to execute a conveyance of real property situate in another state (*Texas & P. Ry. Co.* v. *Gay,* 86 Tex. 571 [26 S.W. 599, 605, 25 L.R.A. 52]; *Fain* v. *Fain,* (Tex.Civ.App.) 6 S.W.2d 403, 407; *Baughan* v. *Goodwin,* (Tex.Civ.App.) 162 S.W.2d 732, 736) and such a decree is entitled in California to the force and effect of record evidence of the equities therein determined unless it can be impeached for fraud. (*Redwood Investment Co.* v. *Exley,* 64 Cal.App. 455, 459 [221 P. 973]; *Bailey* v. *Tully,* 242 Wis. 226 [7 N.W.2d 837, 839, 145 A.L.R. 578]; Rest., Conflict of Laws, § 97, com. a, §§ 430, 449; see, *Tully* v. *Bailey,* 46 Cal.App.2d 195 [115 P.2d 542].) It would be an anomalous situation should the Texas court decree that the stock, savings bonds, automobiles, bank accounts and safe deposit boxes, which are the subject of both actions, are the separate property of the wife, or should it award them to the wife, and the California court decree that the husband has a half interest therein. To compel the wife to litigate title to the property, the subject of the California action, separate and apart from the issues made in the Texas action, would be unfair to her and equally so to the courts.

■ The law of Texas determines when the Texas court acquired jurisdiction of the controversy. (See *Merritt-Chapman & Scott Corp.* v. *Mutual B. L. Ins. Co.,* 237 App.Div. 70 [260 N.Y.S. 374]; *Prudential Ins. Co.* v. *Merritt-Chapman &*

*Scott Corp.*, 112 N.J.Eq. 179 [163 A. 894] ; Rest., Conflict of Laws, § 526, com. b.)  Under the law of Texas where a petition is filed and a process of the court is invoked thereon, even though such process is not served upon the defendant, the court thereby acquires jurisdiction of the subject matter. (*Cleveland* v. *Ward*, 116 Tex. 1 [285 S.W. 1063, 1069] ; *Barrier* v. *Lowery*, 118 Tex. 227 [11 S.W.2d 298, 13 S.W.2d 688, 689] ; *Long* v. *Long*, (Tex.Civ.App.) 269 S.W. 207; *Collins Piano Co.* v. *Myers*, (Tex.Civ.App.) 150 S.W.2d 877, 879.)

The day the Texas action was filed the court there made an order enjoining the husband from using the stock certificates which are involved in the California action and appointed a receiver of them and of the seals of the corporations.  Under the law of Texas the time of the appointment of a receiver is regarded as the time when a receivership commences to operate so as to bind the property subject to the receivership and to vest title in the receiver.  At that time the jurisdiction of the court attaches to, and the receiver is entitled to, the property; and it is in the custody of the law or of the court although the receiver has not qualified and has not actually taken possession of the property. (*Riesner* v. *Gulf C. & S. F. Ry. Co.*, 89 Tex. 656 [36 S.W. 53, 54, 59 Am.St.Rep. 84, 33 L.R.A. 171] ; *Texas Trunk Ry. Co.* v. *Lewis*, 81 Tex. 1 [16 S.W. 647, 649, 26 Am.St.Rep. 776] ; *Palmer* v. *Texas*, 212 U.S. 118, 129 [29 S.Ct. 230, 53 L.Ed. 435, 440] ; *In re Schuyler's Steam Tow-Boat Co.*, 136 N.Y. 169 [32 N.E. 623, 20 L.R.A. 391, 392] ; 45 Am.Jur. § 141, p. 119.) The effect of the appointment of the receiver by the Texas court was to place him constructively in possession of the property within the state of Texas specified in the order. (*Phelps* v. *Mutual Reserve Fund Life Ass'n*, 112 F. 453, 466 [50 C.C.A. 339, 61 L.R.A. 717].)  Further, the appointment of a receiver who takes property into his possession impresses the action with the judicial characteristics of a proceeding in rem. (*Murray* v. *Murray*, 115 Cal. 266, 276 [47 P. 37, 56 Am.St.Rep. 97, 37 L.R.A. 626] ; *Nichols* v. *Superior Court*, 1 Cal.2d 589, 598-599 [36 P.2d 380].)  The receiver took the corporate seals into his possession.  While he did not take the stock certificates into his possession it was because the husband had just previously removed them from the state with the apparent purpose of preventing the Texas court from acquiring jurisdiction over them.  In determining the question of

comity the courts of California should not sanction or give aid to the husband in this respect.

The rights of the parties in the property involved in both actions cannot properly be determined in the California action until the issues made in the Texas action have been adjudicated. Where the rights of the parties to the second action cannot be properly determined until the questions raised in the first action are settled the second action should be stayed. (*Pons* v. *Yazoo & M. V. R. Co.,* 137 La. 508 [68 So. 844]; *State Farm Mut. Automobile Ins. Co.* v. *Brooks,* (D.C.Mo.) 43 F.Supp. 870, reversed on other grounds 136 F.2d 807; *Scott* v. *Grow,* 301 Mich. 226 [3 N.W.2d 254, 141 A.L.R. 819]; *In re Edwards' Will,* 62 N.Y.S.2d 5; *In re Billiard's Estate,* 38 Pa.Dist. & Co. 256.) Where, as here, a correct decision calls for the construction of the laws of a foreign jurisdiction and an action between the same parties involving the same subject matter is pending therein, our courts should await the decision in such action. (*Dotson's Adm'r et al.* v. *Ferrell,* 293 Ky. 470 [169 S.W.2d 320, 321]; *Moore* v. *Maryland Casualty Co.,* 74 N.H. 47 [64 A. 1099].)

Equity abhors a multiplicity of actions. "It is the policy of the law to reduce to the minimum the number of actions which may subsist between the same parties." (*Rilcoff* v. *Superior Court,* 50 Cal.App.2d 503, 506 [123 P.2d 540].) Courts should not be in collision. They should be liberal and just in determining questions which involve conflicts of jurisdiction. Races between parties likely to result in unseemly controversy between courts of different states should be frowned upon and avoided if possible. It is the duty of the court to give preference to principles and methods of procedure by which the tribunals of the states may cooperate as harmonious members of the judicial system. California courts should interpose no action to interfere with rights of the wife to which she may be entitled as a resident of Texas in an action for divorce. A conflict of authority should not occur if it can be avoided. Courts should compose rather than irritate. "Our states do not stand in the same relation to each other that foreign countries do. They are members of the same family, and section 1, art. 4, of the Constitution of the United States requires each state to give full faith and credit to the judicial proceedings of every other state. Comity between states is daily growing and should be encouraged." (*Hall* v. *Industrial Commission,* 165 Wis. 364 [162 N.W. 312, 314, L.R.A. 1917D 829].)

The parties are residents of Texas. The Texas action will determine all the issues involved in the California action. The courts of Texas are as competent to administer justice as those of California. A trial in Texas under the circumstances is more likely to accomplish full justice than a trial in California of the comparatively narrow issues involved in the action here. The remedy which may be afforded by the Texas courts is equally as effective and advantageous as any that may be afforded by the California courts. Only confusion, inconvenience, and possible defeat of the rights of the wife can result from trying the California action. Further proceedings in California should be stayed where it appears, as it does in the present case, that complete justice cannot be done here, that the wife will be subjected to great and unnecessary inconvenience and expense, and that the trial, if conducted here, will be attended with many, if not insuperable, difficulties. All of this can be avoided with no hardship to the husband if the Texas action, commenced prior to the California action in the jurisdiction where the parties reside, in which the issues can be more easily and effectively tried, and in which complete justice can be done, is first heard and determined.

Since the Texas court first assumed and exercised jurisdiction and the parties are residents of that state, comity and the expediency and the practical desirability of avoiding a multiplicity of forms necessitate the holding that respondent court abused its discretion in not staying further proceedings until the final determination of the Texas action. Decent respect for Texas and its courts demands that respondent court wait until the Texas courts have spoken.

The remedy by appeal is neither speedy nor adequate. The question is one of fact depending on the circumstances of the particular case. The order denying the motion to stay further proceedings is nonappealable. (Code Civ. Proc., § 963.) The wife cannot appeal until after a trial, and bringing the action to trial is the very wrong of which she complains. If she is entitled to relief and there is no remedy now, there would be a wrong without a remedy. A trial here would involve heavy expense in transporting witnesses, books and records which could not be recovered as legal costs. The expense and delay involved in a trial render an appeal from an eventual judgment an inadequate remedy. (*Ophir Silver Min. Co.* v. *Superior Court,* 147 Cal. 467, 478, 479 [82 P. 70, 3 Ann.Cas. 340] ; *Consolidated etc. Co.* v. *Superior Court,* 189 Cal. 92, 96 [207 P. 552] ; *A. G. Col Co.* v. *Superior Court,* 196 Cal. 604,

621 [238 P. 926]; *Jardine* v. *Superior Court,* 213 Cal. 301, 305 [2 P.2d 756, 79 A.L.R. 291]; *Gorbacheff* v. *Justice's Court,* 31 Cal.2d 178, 180 [187 P.2d 407]; *Northwestern Pac. R. R. Co.* v. *Superior Court,* 34 Cal.2d 454, 458 [211 P.2d 571]; *Brown* v. *Superior Court,* 34 Cal.2d 559, 562 [212 P.2d 878]; *Alexander* v. *Superior Court,* 91 Cal.App. 312, 316 [266 P. 993].)

The parties do not question the propriety of prohibition as a remedy. We think, however, that the petition prays for the wrong relief. We think it cannot be said that respondent court is proceeding without or in excess of its jurisdiction in any of the different meanings in which the word "jurisdiction" (*Abelleira* v. *District Court of Appeal,* 17 Cal.2d 280, 287, 291 [109 P.2d 942, 132 A.L.R. 715]) is used. (*Brock* v. *Superior Court,* 29 Cal.2d 629, 630 [177 P.2d 273, 170 A.L.R. 521].) Mandate lies to control judicial discretion when that discretion has been abused. (*Inglin* v. *Hoppin,* 156 Cal. 483, 488, 491 [105 P. 582]; *Golden State Glass Corp.* v. *Superior Court,* 13 Cal.2d 384, 396 [90 P.2d 75]; *Evans* v. *Superior Court,* 14 Cal.2d 563, 581 [96 P.2d 107]; *Hays* v. *Superior Court,* 16 Cal.2d 260, 265 [105 P.2d 975].) In the Hays case the court stated, page 266: " 'An abuse of discretion, however, is not the exercise of discretion, but is action beyond the limits of discretion, and it is settled that the writ [mandate] will issue to correct such abuse if the facts otherwise justify its issuance.' (16 Cal.Jur., pp. 810 and 811.) The law on the availability of the writ of mandate as a remedy was clarified shortly after the decision in the case [*San Francisco Gas & Electric Co.* v. *Superior Court,* 155 Cal. 30 (99 P. 359, 17 Ann.Cas. 933)] under discussion. *In Matter of Ford,* 160 Cal. 334 [116 P. 757, Ann.Cas. 1912D, 1267, 35 L.R.A.N.S. 882], this court expressly disapproved its former ruling in *Strong* v. *Grant,* 99 Cal. 100 [33 P. 733], and declared that the writ of mandate would issue to correct an abuse of discretion. (See, also, *Inglin* v. *Hoppin,* 156 Cal. 483, 491 [105 P. 582].) We are therefore of the view that said reference to the absence of discretion in *San Francisco Gas & Elec. Co.* v. *Superior Court, supra,* was not necessary to the decision as the court there might well have stated that the remedy by writ of mandate was available as the facts showed a clear abuse of discretion."

There is no reason why, with all the facts before us, we should not grant such appropriate relief as the record warrants. (*Board of Trustees* v. *State Bd. of Equalization,* 1 Cal.

2d 784, 787 [37 P.2d 84, 96 A.L.R. 775].) Where there is need for immediate relief to avoid useless litigation in the obvious case, that relief should be granted. The relief actually sought is a stay of all proceedings in the California action. The record shows that petitioner is entitled to that relief but pursuant to a writ of mandate rather than pursuant to a writ of prohibition. In *Fritz* v. *Superior Court,* 18 Cal. App.2d 232 [63 P.2d 872], it was held that when the facts developed upon the hearing show that petitioner is entitled to the relief sought, but under a different form of writ than that prayed for, the court will grant the proper form of writ. The petition prayed for a writ of prohibition. A writ of mandate was granted. (See, also, *Caminetti* v. *Superior Court,* 16 Cal.2d 838, 848 [108 P.2d 911]; *Golden State Glass Corp.* v. *Superior Court,* 13 Cal.2d 384, 389 [90 P.2d 75]; *Van Tiger* v. *Superior Court,* 7 Cal.2d 377, 384 [60 P.2d 851]; *Brouwer* v. *Superior Court,* 130 Cal.App. 163, 168 [19 P.2d 834].)

Let a peremptory writ of mandate issue commanding respondent court to stay all further proceedings in that certain action entitled "FRANK A. SIMMONS v. MRS. FRANK A. SIMMONS, et al.," No. 555768, until the final determination of that certain action pending in the District Court of Harris County, Texas, entitled "HELENE SIMMONS v. FRANK A. SIMMONS," No. D-363483, and in the event said action No. D-363483 is finally terminated and adjudicated in favor of the plaintiff therein, the defendant in action No. 555768 be allowed to amend her answer to plead such judgment in bar.

Shinn, P. J., and Wood, J., concurred.

A petition for a rehearing was denied March 6, 1950, and real party in interest's petition for a hearing by the Supreme Court was denied April 17, 1950. Schauer, J., voted for a hearing.