**George I. FRIEDLAND, Plaintiff,**

v.

**Myna S. FRIEDLAND, Defendant.**

**Civ. No. 196–1968.**

District Court, Virgin Islands
D. St. Thomas & St. John.

Nov. 25, 1968.

---

Bailey, Wood & Rosenberg, Charlotte Amalie, V. I. (William W. Bailey, Charlotte Amalie, V. I., of counsel), for plaintiff.

Maas, Ireland & Bruno, Charlotte Amalie, V. I. (Thomas D. Ireland, Charlotte Amalie, V. I., of counsel), for defendant.

MEMORANDUM AND ORDER SUR MOTION FOR STAY OF TRIAL DATE FILED NOVEMBER 25, 1968

VAN DUSEN, Circuit Judge.

The parties were married in 1946. In the years immediately preceding 1965, they lived together in Lower Merion Township, Montgomery County, Pa. In approximately March 1965, the plaintiff left the common home and on February 10, 1966, defendant filed a Complaint seeking a divorce *a mensa et thoro* in the Court of Common Pleas of Montgomery County, Pa. (No. 66–1587). Plaintiff (defendant in that Pennsylvania divorce case) was served personally with this Complaint in Pennsylvania on February 11, 1966. In December 1967, an attorney entered his appearance for plaintiff in the above Pennsylvania divorce action. In May 1968, plaintiff filed an answer to the above Complaint, which had been amended to include a prayer for injunctive relief, seeking to prevent plaintiff from proceeding with a divorce in any jurisdiction outside of Pennsylvania. In this answer he alleged that he was then domiciled in the Virgin Islands.

A preliminary injunction was entered by the Montgomery County, Pennsylvania, court in May 1968, restraining plaintiff from instituting or proceeding with an action for divorce in the Virgin Islands. Plaintiff filed this action in June 1968. A permanent injunction, enjoining plaintiff from instituting or proceeding with an action for divorce in the Virgin Islands was entered on September 17, 1968, by the Montgomery County court. This decree was later vacated and another permanent injunction entered December 9, 1968,[1] from which an appeal has been taken to the Supreme Court of Pennsylvania (January Term 1969, No. 213).

Meanwhile, hearings are being held before a Master in the Pennsylvania divorce action.

■ Irrespective of the application of the full faith and credit clause to the December 9, 1968, permanent injunction, in view of the pending appeal to the Supreme Court of Pennsylvania, principles of comity dictate that this court should not, as a matter of discretion, proceed with this divorce action, at least until the Pennsylvania Supreme Court has had an opportunity to act on the appeal from the case in which the subject matter of this suit was first litigated. See Landis v. North American Co., 299 U.S. 248, 254, 57 S.Ct. 163, 81 L.Ed. 153 (1936); Mottolese v. Kaufman, 176 F.2d 301, 302 (2nd Cir. 1949); cf. Note, Power to Stay Federal Proceedings Pending Termination of Concurrent State Litigation, 59 Yale L.J. 978 (1949); Crosley Corp. v. Hazeltine Corp., 122 F.2d 925, 930 (3rd Cir. 1941), cert. den. 315 U.S. 813, 62 S.Ct. 913, 86 L.Ed. 1224 (1942); Toucey v. New York Life Ins. Co., 314 U.S. 118, 135, 141, 62 S.Ct. 139, 86 L.Ed. 100 (1941).

1. This decree provides in part as follows:

"1. That the defendant is restrained and enjoined from instituting or proceeding with any action for divorce in St. Thomas, Virgin Islands or any other Court other than Courts of Montgomery County, or Philadelphia County, Pennsylvania.

"2. That defendant is restrained and enjoined from causing or permitting any attorney, agent, servant or employee from doing anything whatsoever in furtherance of any action for divorce on his behalf in St. Thomas, Virgin Islands, or any other foreign jurisdiction.

"3. That defendant is restrained and enjoined from doing any act by which the marital status of plaintiff will be altered, jeopardized, brought into question or affected in any manner except in a proceeding in the County of Montgomery or the County of Philadelphia, Pennsylvania.

"4. That the said defendant secure the discontinuance and withdrawal of any action in divorce instituted by him against the plaintiff in the Virgin Islands or any foreign jurisdiction.

"5. That the defendant secure the discontinuance and withdrawal of Civil Action No. 196–1968 action for divorce in the District Court of the Virgin Islands, Division of St. Thomas and St. John, George I. Friedland, plaintiff v. Myna S. Friedland, defendant, filed on June 6, 1968."

■ Pennsylvania has a decided interest in the status of this marriage and the economic circumstances of the defendant-wife. See Estin v. Estin, 334 U.S. 541, at 546–547, 68 S.Ct. 1213, at 1217, 92 L.Ed. 1561 (1948), where the court said:

"Marital status involves the regularity and integrity of the marriage relation. It affects the legitimacy of the offspring of marriage. It is the basis of criminal laws, as the bigamy prosecution in Williams v. North Carolina [317 U.S. 287, 63 S.Ct. 207, 87 L.Ed. 279] dramatically illustrates. The State has a considerable interest in preventing bigamous marriages and in protecting the offspring of marriages from being bastardized. The interest of the State extends to its domiciliaries. The State should have the power to guard its interest in them by changing or altering their marital status and by protecting them in that changed status throughout the farthest reaches of the nation. For a person domiciled in one State should not be allowed to suffer the penalties of bigamy for living outside the State with the only one which the State of his domicile recognizes as his lawful wife. And children born of the only marriage which is lawful in the State of his domicile should not carry the stigma of bastardy when they move elsewhere. These are matters of legitimate concern to the State of the domicile. * * *

" * * * In this case New York evinced a concern with this broken marriage when both parties were domiciled in New York and before Nevada had any concern with it. New York was rightly concerned lest the abandoned spouse be left impoverished and perhaps become a public charge. The problem of her livelihood and support is plainly a matter in which her community had a legitimate interest. The New York court, having jurisdiction over both parties, undertook to protect her by granting her a judgment of permanent alimony. * * * "

It is noted that permitting this action to proceed at this time could terminate the defendant-wife's right to support before any decision is available in the Pennsylvania courts.

■ The state courts have frequently held that the forum in which a divorce action is first instituted and where jurisdiction of the defendant is obtained will be permitted on principles of comity to complete its proceeding, and the forum in which the subsequent divorce is brought will stay the second suit on principles of comity. See Simmons v. Superior Court etc., 96 Cal.App.2d 119, 214 P.2d 844, 19 A.L.R.2d 288 (1950); Evans v. Evans, 186 S.W.2d 277 (Tex. Civ.App.1945). This principle seems peculiarly applicable in a case where the plaintiff in the second suit has taken an appeal from injunctive action ordered in the first suit and while hearings are in process in the first suit.

The Motion For A Stay will be granted until further order of this court and without prejudice to plaintiff's right to apply for its modification after appropriate facts have been placed on the record. On the record now before this court, it would seem to be in accord with sound principles of judicial administration to let the Pennsylvania courts decide the pending appeal [2] and to give it an opportunity to complete the hearings now being conducted in the divorce action. If the defendant-wife is not pressing these hearings before the Master to completion, a different situation would be presented than now appears on this record.

---

2. There appears to be considerable support for the action of the Montgomery County, Pennsylvania, court in issuing its injunction in some of the largest states, as well as in Pennsylvania. See Garvin v. Garvin, 302 N.Y. 96, 96 N.E.2d 721 (1951); Hammer v. Hammer, 36 N.J. Super. 265, 115 A.2d 614 (1955); Kahn v. Kahn, 325 Ill.App. 137, 59 N.E.2d 874 (1945).

## ORDER

And now, February 18, 1969, it is ordered that the Motion for Stay of Trial Date is granted until further order of this court, without prejudice to plaintiff's right to apply for reconsideration of this order after making an appropriate record by stipulation, hearing, or in any other manner contemplated by the rules and legal principles applicable in this court.