**ANGELINA GUMBS, Plaintiff**

**v.**

**CHARLES GUMBS, Defendant**

Family No. 815/1977

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

April 12, 1978

Maria Hodge, Esq., St. Thomas, V.I., *for plaintiff*

PETERSEN, *Judge*

MEMORANDUM OPINION

Plaintiff herein seeks a decree of divorce from this court dissolving the marriage between the plaintiff and defendant, her estranged husband. The court on October 31, 1977, granted plaintiff's motion for substituted service on the defendant by publication and mailing pursuant to 5 V.I.C. § 112. Following service as therein prescribed, a hearing was held on the matter February 8, 1978. The plaintiff appeared in person and by her attorney, Maria Tankenson Hodge; no appearance was made by the defendant.

A question of jurisdiction was raised by the court at the hearing as to the residency and domicile of the plaintiff. The issue raised concerns interpretation of 16 V.I.C. § 106, which establishes certain residency and domiciliary re-

quirements a party must meet before such party's action for divorce may be considered by this court. This provision of the Virgin Islands Code has repeatedly been a subject of litigation, and has been ruled upon at various judicial levels from the Territorial to the Supreme Court in various cases. The court in the following memorandum examines several of those decisions, and determines from them that as 16 V.I.C. § 106 has been construed, it presents residency and domicile requirements not fulfilled by the plaintiff. Her petition for divorce must therefore be dismissed.

I.

The court finds the facts to be as follows. Angelina Gumbs, the plaintiff, was brought to the United States Virgin Islands at the age of six years; thereafter until her marriage, her home residence and domicile can be considered to be the United States Virgin Islands.

Plaintiff and defendant were married on September 8, 1943, in St. Thomas, and there resided until 1946. At that time, the plaintiff testified to economic pressures which forced a move to the United States mainland in search of employment. The plaintiff settled in New York City, separated there from her husband in 1957, and has there continuously remained except for occasional visits "back home." The number and duration of these visits was not revealed in the plaintiff's testimony; she maintains, however, that she has as of October 14, 1977, returned permanently to the Virgin Islands, having retired from her employment in New York. The plaintiff filed her complaint and prayer for divorce on October 31, 1977; the time elapsed from commencement by her of actual, physical residency in this jurisdiction, and the commencement of this action for divorce, therefore, is seventeen days.

Plaintiff in response to inquiry by the court testified to being registered, and having in fact voted, in New York City. The record is incomplete as to any further objective indicia of residence; the plaintiff and her counsel, however, repeatedly emphasized her attachment to the Virgin Islands as her home, her overriding intent to return there eventually, and her belief that New York City has never been to her anything but a temporary place of employment.

## II.

Section 106 of Title Sixteen of the Virgin Islands Code provides that:

In an action for the dissolution of the marriage contract or for a legal separation the plaintiff therein must be an inhabitant of the Virgin Islands who is domiciled therein at the commencement of the action and who has resided therein continuously and uninterruptedly for at least six weeks prior thereto, which residence shall be sufficient to give the court jurisdiction without regard to the place where the marriage was solemnized or the cause at action arose. Evidence of the six weeks residence as aforesaid shall be presumptive proof of domicile.

It has long been recognized that domicile is the basis for jurisdiction to grant a divorce in the United States. Williams v. North Carolina, 325 U.S. 226, 229, 65 S.Ct. 1092, 89 L.Ed. 1577 (1945); Perrin v. Perrin, 7 V.I. 21 (3rd Cir. 1969). 16 V.I.C. § 106 extends that basic requirement to this jurisdiction. Sachs v. Sachs, 4 V.I. 102, 265 F.2d 31, 33 (3rd Cir. 1959). The provision in its present form amends[1] a 1945 version of the statute, adding the words "continuously and uninterruptedly" to the six-week residency required of one seeking divorce. That earlier version, in turn, revised Section 9 of the Divorce Law

---

[1] Amendment of December 6, 1972, No. 3347, Sess. L. 1972, p. 523, amending 16 V.I.C. § 109. See n.2, infra, and accompanying text.

of the Virgin Islands[2] which provided that the plaintiff, in an action for the dissolution of marriage:

. . . must be an inhabitant of the district at the commencement of the action and for six weeks prior thereto, which residence shall be sufficient to give the Court jurisdiction.

The several changes which the provision has undergone represent the court's concern with original language establishing residency, rather than domicile, as the basis for divorce jurisdiction. In the case of Burch v. Burch, 2 V.I. 559, 195 F.2d 799 (3rd Cir. 1952), the Third Circuit ruled that the words "inhabitant" and "residence" used in the original statute must be read as meaning "domiciliary" and "domicile," respectively, stating that

[j]urisdiction to decree a divorce is not conferred upon the court by a mere temporary residence in the district which is accompanied by a present intention on the part of the plaintiff to leave the Islands as soon as a divorce is granted.

195 F.2d at 805. The Supreme Court in Granville-Smith v. Granville-Smith, 349 U.S. 1, 75 S.Ct. 553, 99 L.Ed. 773, 3 V.I. 701 (1955) found the provision, and specifically its six-week residency clause, to be "abstractly relevant, but practically it has point." 349 U.S. at 10–11, 3 V.I. at 711.

The revised code enacted by the Legislature on May 16, 1957 (effective September 1, 1957), altered the language of 16 V.I.C. § 106 to conform with the interpretation of the Third Circuit in Burch, and to dismantle the "divorce-mill" character of the six weeks residency requirement against which the Supreme Court railed in Granville-Smith. The new provision required one seeking divorce to be "an inhabitant of the Virgin Islands *who is domiciled therein at the commencement of the action* and who has

---

[2] Law Concerning Actions to Declare Void or Dissolve the Marriage Contract, and for Other Purposes, No. 14, Section 9, enacted December 29, 1944, effective January 28, 1945.

resided therein for at least six weeks prior thereto. . . ." (Emphasis supplied.) The 1972 amendment[3] to this provision, as noted, kept the language concerning domicile intact, and clarified the language concerning residence such that the six weeks residence required in addition to the requirement of domicile be continuous and uninterrupted.

## III.

■ The history of changes and amendments in 16 V.I.C. § 106 reveals that while the provision has incorporated the requirement of *domicile* explicitly—pursuant to insistence in the courts that divorce jurisdiction extends only to domiciliaries—it has maintained, in addition, a *residency* requirement of six weeks continuous and uninterrupted presence in the jurisdiction. Domicile, in and of itself, requires for its acquisition that a person be both physically present and have an intent to make that presence permanent. Alton v. Alton, 2 V.I. 282, 600, 207 F.2d 667 (3rd Cir. 1953), vacated as moot, 347 U.S. 610, 74 S.Ct. 736, 98 L.Ed. 987, 3 V.I. 699 (1954). The acquisition by a party of domicile in the Virgin Islands, however, does not per se indicate that jurisdiction for divorce has been established. The requirement of six weeks residency still must be met. While, as stated in the Section 106, "Evidence of the six weeks residence as aforesaid shall be presumptive proof of domicile," the fact of domicile is *not* presumptive proof of six weeks residence.

Residency as a condition of divorce jurisdiction thus exists independent of domicile, although residency can be submitted in support of the claim of domicile as provided by 16 V.I.C. § 106. The court now addresses the two issues separately, in keeping with the distinct and separate obligations which they involve.

---

[3] See n.1, *supra*, and accompanying text.

## IV.

■■ The court, mindful of the fact that domicile once acquired is not lost simply due to absence from the place of domicile (when the intent to return remains), Mitchell v. United States, 21 Wall. 350, 88 U.S. 350, 353, 22 L.Ed. 584 (1875) nevertheless has trouble accepting the plaintiff's protestations of such intent as sufficient proof of her retaining domicile in the Virgin Islands. As observed by the Third Circuit in the case of Korn v. Korn, 398 F.2d 689 (3rd Cir. 1968):

One's testimony as to his intention to establish a domicile, while entitled to full and fair consideration, is subject to the infirmity of any self-serving declaration, and it cannot prevail to establish domicile when it is contradicted or negatived by an inconsistent course of conduct; otherwise stated, actions speak louder than words.

398 F.2d at 691, citing District of Columbia v. Murphy, 314 U.S. 441, 456, 62 S.Ct. 303, 86 L.Ed. 329 (1941).

The "actions" of Mrs. Gumbs, in the approximately twenty-one years since her departure from this jurisdiction for New York, present a course of conduct which, if not inconsistent with her "words," certainly does little to support them. Neither her testimony nor any affidavit submitted by her to this court provides the type of factual data which tends to prove domicile. Such data have recently been held to include:

. . . the place where political and civil rights are exercised, taxes paid, real and personal property located, driver's and other licenses obtained, location of club and church membership, and place of business or employment,

Garner v. Pearson, 374 F.Supp. 850 (M.D. Fla. 1973), and generally "pertinent objective facts ordinarily arising out of the existence of requisite intent." Jismejian v. Jismejian, 16 Ariz. App. 270, 492 P.2d 1208 (1972).

557

A domicile once acquired is presumed to continue until it is shown to have been changed; where a change of domicile is alleged the burden of proving it rests upon the person making the allegation. Mitchell v. United States, supra, at 353. The absence of defendant at the hearing, and the faint likelihood that he shall appear, established this court as the sole questioner of the plaintiff's domicile, and whether it has changed in her twenty-one years' absence from this jurisdiction. The court need not allege such a change, however, to conclude based upon the evidence before it that the requisite of domicile has not been proven by the plaintiff. Plaintiff's voting record, and continuous employment in New York in fact suggest that her domicile had changed to New York prior to her return here.

## V.

Independent of and distinct from the question of domicile, the court finds that the plaintiff has failed to fulfill the residency requirement of 16 V.I.C. § 106. The present action, in fact, illustrates the separability of the two concepts. Had the plaintiff sufficiently established her domicile in the Virgin Islands (and the court has not determined that such domicile does *not* exist—only that it has been insufficiently proven), domicile would exist without the residency requirement having been met.

The provision currently stipulates that one seeking divorce "must be an inhabitant of the Virgin Islands who is domiciled therein *at the commencement of the action* and who has resided therein continuously and uninterruptedly for at least six weeks prior thereto. . . ." (Emphasis supplied.) As written, the statute contemplates the arrival of a party in this jurisdiction who clearly is without domicile here, and sets a minimum six weeks'

558

period which must pass before domicile can be considered to be acquired. As such, plaintiff's case is distinguishable from the majority of situations in which 16 V.I.C. § 106 is brought into question.

Nevertheless, this court interprets that provision in light of the circumstances to which it is addressed, i.e. the prayer for divorce of a non-domiciliary, and concludes that the legislature in Section 106 sought to require of all plaintiffs six weeks of continuous and uninterrupted residence *immediately* prior to commencement of the action for divorce. The wording of the statute does not specifically so state; and plaintiff and her counsel have illustrated in their arguments the ambiguity of its wording when applied to one whose domicile may exist independent of current residency. The court, however, concludes that the most reasonable interpretation of 16 V.I.C. § 106—and the most reasonable resolution of its admitted ambiguity—is to read the statute as requiring six weeks residency in this jurisdiction immediately prior to filing for divorce. Similarly, "presumptive proof of domicile" as extended by the statute can only refer to six weeks residency in the aforesaid manner.

█ The plaintiff, who had resided in the Virgin Islands only seventeen days immediately prior to commencement of the action sub judice, has failed to fulfill the residency requirement of 16 V.I.C. § 106. No presumptive proof of domicile can be thus extended to her. For the reasons noted above, domicile has not been established independently through plaintiff's testimony. The plaintiff therefore fails in both aspects of the jurisdictional prerequisite for a divorce action—in the requirements of domicile and required period residency. The court must dismiss her claim for want of jurisdiction as set forth in 16 V.I.C. § 106.

# VI.

The court has interpreted the divorce jurisdiction of the court strictly in this action, relying upon the normal or conventional sequence of events which the provision suggests: (1) arrival in the Virgin Islands; (2) residence for six weeks; (3) establishment of domicile thereby; and (4) filing for divorce. Were some urgency to have been shown by the plaintiff in her pleadings or testimony to justify a dismissal or reexamination of the six weeks residency requirement, perhaps this court might have exercised its general equity powers in reconsidering her claim.

No such time factor was demonstrated as essential in this action, however. The court ventures to state that this is the case with most actions for divorce. In contrast is the necessity that some period of time, evidencing present and valid domicile, be passed in the jurisdiction where a party seeks divorce. In the Virgin Islands that period of time, six weeks, is comparatively short. Cf. Granville-Smith v. Granville-Smith, supra. Were the plaintiff to today refile her petition, both her domicile and residency would satisfy the conditions of 16 V.I.C. § 106, and this court would have jurisdiction to entertain her claim. In light of the ease of the plaintiff's bringing that action at this time, and considering her testimony of intent to remain here permanently, the court concludes that no undue hardship or injustice has been effected in dismissing the present action.