**SUYAPA MARGARITA FOMBRUM, Plaintiff**

v.

**RONALD ALEX FOMBRUM, Defendant**

Family No. D70/85

**RONALD ALEX FOMBRUM, Plaintiff**

v.

**SUYAPA MARGARITA FOMBRUM, Defendant**

Family No. D87/1985

Territorial Court of the Virgin Islands
Div. of St. Thomas and St. John

May 8, 1985

FRED VIALET, JR., ESQ., St. Thomas, V.I., *for plaintiff*

JOHN W. NEWMAN, ESQ., St. Thomas, V.I., *for defendant*

FEUERZEIG, *Judge*

## MEMORANDUM OPINION AND ORDER

Ronald Alex Fombrum, defendant in Fam. No. D70/85, has filed a motion to dismiss his wife's complaint for divorce for lack of jurisdiction. He contends that the plaintiff was not a resident of the Virgin Islands for six weeks immediately prior to the commencement of this action. The motion is supported by an affidavit of the defendant.

Accordingly, pursuant to Rule 12(b) of the Federal Rules of Civil Procedure the motion will be treated as a motion for summary judgment as provided in Rule 56, F. R. Civ. P. The motion will be granted, and the complaint dismissed. As a result, Mr. Fombrum's motion to consolidate these two actions will be denied.

The complaint in Fam. No. D70/85 was filed on March 18, 1985. In an affidavit the plaintiff concedes that before the complaint was filed she was absent from the Virgin Islands while she and her husband were in Florida, and that she did not return to St. Thomas until on or about February 16, 1985. Consequently, there are no material issues of fact and the defendant as a matter of law is entitled to summary judgment because the court lacks jurisdiction to consider her complaint.

Unfortunately, Mrs. Fombrum in her opposition to the motion to dismiss fails to make the necessary distinctions between residency, domicile, and inhabitancy that the Virgin Islands' divorce law requires. Specifically, 16 V.I.C. § 106 (1984 Supp.) provides:

> In an action for the dissolution of the marriage contract or for a legal separation the plaintiff therein must be an inhabitant of the Virgin Islands who is domiciled therein at the commencement of the action and who has resided therein continuously and uninterruptedly for at least six weeks prior thereto, which residence shall be sufficient to give the court jurisdiction without regard to the place where the marriage was solemnized or the cause of action arose. Evidence of six weeks residence as aforesaid shall be presumptive proof of domicile.

Plaintiff contends that it was always her intention to return to the Virgin Islands, even while in Florida. Therefore, she argues, the statutory prerequisites for jurisdiction have been met. As stated, however, plaintiff fails to recognize that there are three separate concepts embodied in the Virgin Islands' divorce law: (1) domicile; (2) inhabitancy and (3) residence.

This court stated in Gumbs v. Gumbs, 14 V.I. 550, 554 (Terr. Ct. 1978) (Petersen, J.):

> It has long been recognized that domicile is the basis for jurisdiction to grant a divorce in the United States. Williams v. North Carolina, 325 U.S. 226, 229, 65 S.Ct. 1092, 89 L.Ed. 1577 (1945); Perrin v. Perrin, 7 V.I. 21 (3rd Cir. 1969). 16 V.I.C. § 106 extends that basic requirement to this jurisdiction.

As Gumbs also makes clear, though, domicile is only one requirement of the Virgin Islands statute. While it is sufficient to satisfy the constitutional prerequisites required by the Supreme Court in Williams v. North Carolina, supra, domicile, in and of itself, is not sufficient to grant this court jurisdiction.

> The history of changes and amendments in 16 V.I.C. § 106 reveals that while the provision has incorporated the requirement of *domicile* explicitly—pursuant to insistence in the courts that divorce jurisdiction extends only to domiciliaries—it has maintained, in addition, a *residency* requirement of six weeks continuous and uninterrupted presence in the jurisdiction. Domicile, in and of itself, requires that for its acquisition that a person be both physically present and have an intent to make that presence permanent. Alton v. Alton, 2 V.I. 282, 600, [sic] 207 F.2d 667 (3rd Cir. 1953), vacated as moot, 347 U.S. 610, 74 S.Ct. 736, 98 L.Ed. 987, 3 V.I. 699 (1954). The acquisition by a party of domicile in the Virgin Islands, however, does not per se indicate that jurisdiction for divorce has been established. The requirement of six weeks residency still must be met. While, as stated in § 106, "evidence of six weeks residence as aforesaid shall be presumptive proof of domicile," the fact of domicile is *not* presumptive proof of six weeks residence.
>
> Residency as a condition of divorce jurisdiction thus exists independent of domicile, although residency can be submitted in support of the claim of domicile as provided by 16 V.I.C. § 106.

Gumbs v. Gumbs, 14 V.I. at 556.

■ Although the defendant's victory may be a pyrrhic one because the defendant has filed his own action for divorce, Fam. No. D87/1985, the court is left with no alternative but to dismiss in Fam. No. D70/85 for lack of jurisdiction. Accordingly, it is

ORDERED that the motion of defendant Ronald Alex Fombrum in Fam. No. D70/1985 to dismiss, in accordance with Rule 56 of the Federal Rules of Civil Procedure, is granted, and it is further

ORDERED that the motion of the plaintiff Suyapa M. Fombrum to consolidate Fam. No. D87/85 and Fam. No. D70/85 is denied.