**GARY FROMM, Plaintiff**

v.

**SANDRA B. FROMM, Defendant**

Family No. D187/1986

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

September 10, 1987

EDITH L. BORNN, ESQ., St. Thomas, V.I., *for plaintiff*

ADRIANE J. DUDLEY, ESQ., St. Thomas, V.I., *for defendant*

MEYERS, *Judge*

## MEMORANDUM OPINION

In this action for divorce the court must decide two issues. The first is whether the plaintiff has satisfied the domicile and residency requirements of Title 16 V.I.C. section 106(a), thereby conferring subject matter jurisdiction upon this court. That section reads as follows:

> In an action for the dissolution of the marriage contract or for a legal separation the plaintiff therein must be an inhabitant of the Virgin Islands who is domiciled therein at the commencement of the action and who has resided therein continuously and uninterruptedly for at least six weeks prior

thereto, which residence shall be sufficient to give the court jurisdiction without regard to the place where the marriage was solemnized or the cause of action arose. Evidence of the six weeks residence as aforesaid shall be presumptive proof of domicile.

The second issue is whether this proceeding should be stayed pending the outcome of a divorce action instituted by the defendant in the Superior Court of the District of Columbia ("Superior Court"). Because this court concludes that it does not have jurisdiction over the subject matter, it needs not decide the second issue.

I

Subsequent to their marriage in Norwich, Connecticut, on December 11, 1960, plaintiff and defendant moved to Washington, D.C., where they established their marital abode. Two children were born of the marriage: namely, Allison Fromm, who is fully emancipated, and Elizabeth Fromm, who, although over the age of 18, is developmentally handicapped and, therefore, not emancipated. As a result of a breakdown in the marriage, the parties separated in November of 1985 and have not cohabited since that time.

On April 18, 1986, defendant herein filed an action for legal separation in the Superior Court. Plaintiff was duly served and filed an answer to the complaint for legal separation on May 9, 1986. On July 15, 1986, plaintiff filed the instant divorce action in which the defendant was served in Washington, D.C., on August 27, 1986. On that very day, August 27, 1986, defendant filed in the Superior Court a motion for leave to file a supplemental complaint for judgment of absolute divorce and a motion to enjoin defendant from proceeding in a foreign jurisdiction. The first motion was granted by the Superior Court on September 17, 1986. There is no evidence before the court as to the status of the latter motion to enjoin plaintiff from proceeding in this jurisdiction.

Defendant now files a motion to dismiss the plaintiff's complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, 5 V.I.C. App. I, or, in the alternative, to stay the proceedings. As grounds for her motion, defendant asserts that since plaintiff fails to satisfy the residency and domicile requirements of 16 V.I.C. § 106, this court lacks subject matter jurisdiction. Additionally, defendant contends that the principles of comity compel the court

49

to stay this proceeding until the action pending in the Superior Court is completed. Plaintiff has filed a response in opposition to defendant's motion.

## II

■■ As previously noted, 16 V.I.C. § 106(a), provides that in order for this court to have jurisdiction of this matter, plaintiff must have been domiciled in the Virgin Islands at the commencement of the action and must have "resided therein continuously and uninterruptedly for at least six weeks prior thereto . . . ." In this jurisdiction, domicile requires that a person be both physically present and have an intent to make that presence permanent. Gumbs v. Gumbs, 14 V.I. 550 (Terr. Ct. 1978). See generally, 24 Am. Jur. 2d Divorce and Separation 244 (1983). Such a definition does not mean, however, that once acquired, domicile is lost simply because a person is absent from his place of domicile. Id. at 557. As long as the intent to return is present, domicile continues. Id. at 557.

■ Plaintiff's intent to establish a new domicile may be determined by scrutinizing his activities once arriving in the Virgin Islands in March of 1986. On April 2, 1986, plaintiff purchased, at a foreclosure sale, a condominium at Shibui in St. Thomas, and subsequently moved in on May 22, 1986. Also, in the same month of May, plaintiff opened a checking account at First Pennsylvania Bank and issued checks payable to local concerns, such as (1) Vitelco for installation of phone service, (2) the Virgin Islands Water and Power Authority for electrical services, and (3) Theodore Tunick and Company for insurance on the Shibui condominium. Plaintiff also purchased an automobile and filed an estimated tax return with the Virgin Islands Bureau of Internal Revenue. During the significant period between May 22, 1986, and July 15, 1986, when this divorce action was instituted, plaintiff also issued checks to many of his stateside business concerns and made short trips to Boston, New York, and Chicago for business and vacation purposes. The record is clear, however, that plaintiff was present in the Virgin Islands on July 15th when this action was filed. Notwithstanding the fact that plaintiff has considerable business holdings and concerns outside of the Virgin Islands, and despite the fact that plaintiff was off-island for short periods of time between May 22nd and July 15th, the court is of the opinion that plaintiff has demonstrated the requisite intent for establishing

domicile in the Virgin Islands. Plaintiff, therefore, satisfies the first step of the jurisdictional requirements of section 106.

■ The question of whether plaintiff has resided in the Virgin Islands "continuously and uninterruptedly" for six weeks before instituting this action is independent of and distinct from the issue of plaintiff's domicile. Gumbs v. Gumbs, supra; see also Prawl v. Lafeta Delfin, 100 P.R.R. 34 (1971). While the terms "residence" and "domicile" are closely related, they are not synonymous. Residence is usually defined as living in or having bodily presence in a particular locality, while domicile is defined as living in that locality with the intent to make it a fixed and permanent home. In the Interest of J. S. M., 514 A.2d 899 (Pa. 1986); In re Marriage of Passiales, 494 N.E.2d 541 (Ill. 1986); Cocron v. Cocron, 375 N.Y.S.2d 797 (1975); Williams v. Williams, 328 F. Supp. 1380 (D.V.I. 1971); Black's Law Dictionary 1176 (rev. 5th ed. 1979). Additionally, a person can have only one place of domicile but may have more than one place of residence. In the Interest of J. S. M., supra; Bearden v. Rucher, 437 So. 2d 1116 (La. 1983); 417 East Realty Associates v. Ryan, 442 N.Y.S.2d 880 (1981); Miller v. U.S. Fidelity and Guaranty Co., 316 A.2d 51 (N.J. 1974). Because it is possible to have multiple residences, it has generally been accepted that a person's residence is not lost simply because he is temporarily absent from it. Grant v. Grant, 324 S.W.2d 382 (Mo. 1959). See generally, 24 Am. Jur. 2d Divorce and Separation 246. This court, however, is of the opinion that an exception to this general principle must be made when a statute, such as the one at issue here, requires residency to be continuous and uninterrupted.

■ It is of historical and legal importance to note that, prior to 1972, continuous and uninterrupted residence was not required by section 106—a mere six-week residence sufficed.[1] The 1972 amendment, while keeping the language concerning domicile intact, sought to clarify and qualify the language concerning residence. In interpreting section 106 in Gumbs v. Gumbs, supra, the court concluded that,

> The history of changes and amendments in 16 V.I.C. § 106 reveals that while the provision has incorporated the requirement of domicile explicitly—pursuant to insistence in the courts that divorce jurisdiction extends only to domiciliaries—it has

---

[1] By the Amendment of December 6, 1972, No. 3347, Sess. L. 1972, p. 523, section 106 was expanded to require continuous and uninterrupted six weeks residency.

maintained in addition, a *residency* requirement of six weeks continuous and uninterrupted *presence* in the jurisdiction. (Emphasis added.)

Based on its interpretation, the court found that the plaintiff therein did not satisfy the residency requirement of section 106, and therefore dismissed the action for divorce.[2]·

Applying the holding of the court in Gumbs to the case sub judice, this court is compelled to find that the plaintiff herein has failed to satisfy the residence requirement of section 106. The facts before this court are clear that between May 22, 1986, and July 15, 1986, plaintiff made short trips to Boston, New York, and Chicago. Such being the case, plaintiff's residence in the Virgin Islands was anything but uninterrupted during the requisite six-week period. As the court in Gumbs has made clear, not only must plaintiff's residency be continuous, his presence in the Virgin Islands must also be uninterrupted. Because the plaintiff has not satisfied the residency requirement of 16 V.I.C. § 106(a), this court does not have subject matter jurisdiction and the action must be dismissed.

## III

Since this divorce action will be dismissed for lack of subject matter jurisdiction, it is not necessary for the court to rule on defendant's request for a stay of proceedings—a decision which is solely within the court's discretion. See, Carson v. Shandia Ins. Co., Ltd., 19 V.I. 138 (D.V.I. 1982); Friedland v. Friedland, 7 V.I. 137 (D.V.I. 1969); 20 Am. Jur. 2d Courts 137 (1965). It is clear to the court, however, that the District of Columbia has a greater interest in the dissolution of the marriage between parties than does the Virgin Islands, and that the Superior Court can best resolve all the issues of dispute, including property distribution and child support. Considering that the Superior Court (1) has jurisdiction over the marital abode of the parties, (2) has jurisdiction over the custody and support of the parties' disabled child, and (3) has jurisdiction over the plaintiff herein, who has filed an appearance in that proceeding, a stay of the Virgin Islands proceeding would have been the appropriate action for this court to take.

---

[2] In Gumbs, the plaintiff resided in St. Thomas between 1943 and 1946, and thereafter moved to New York City. After spending approximately the next 31 years residing in New York, plaintiff returned to live in St. Thomas on October 14, 1977. Seventeen days later, on October 31, 1977, plaintiff filed an action for divorce.

## CONCLUSION

■ Although the plaintiff has evidenced the requisite physical presence and intent to satisfy the domicile requirements of 16 V.I.C. § 106(a), he has failed to satisfy the residency requirement. Plaintiff's short trips off-island during the significant period between May 22, 1986, and July 15, 1986, have made his residence in the Virgin Islands interrupted for purposes of the statute. As the court in Gumbs has made clear, continuous and uninterrupted residence is synonymous with continuous and uninterrupted presence in the Virgin Islands.

Since the plaintiff has not satisfied the requirements of section 106(a), this court lacks subject matter jurisdiction and the instant action must be dismissed.

## ORDER

In accordance with this Court's memorandum opinion of even date, it is hereby

ORDERED that the Defendant's motion to dismiss the Plaintiff's complaint be and the same is GRANTED; and it is further

ORDERED that the Plaintiff's complaint be and the same is DISMISSED.