**ROBERT H. HOMMEL, Plaintiff**

**v.**

**ESTOPPEL AND JAY SCOTT and TARTAN LEASING, L.L.C., a Michigan limited liability corporation, Defendants**

Civ. No. 134/1995

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

November 21, 1996

RUTH MILLER, ESQ., St. Thomas, U.S.V.I., *for Plaintiff*

HENRY C. SMOCK, ESQ., St. Thomas, U.S.V.I., *for Defendants*

MEYERS, *Judge*

## MEMORANDUM OPINION

Plaintiff Robert H. Hommel ("Hommel") filed this action for Breach of Contract, Promissory Estoppel, and for Enforcement of Lien. Defendants Jay Scott ("Scott") and Tartan Leasing, L.L.C. ("Tartan") moved to dismiss pursuant to Fed. R. Civ. P. 12(b) (1), 12 (b) (2), and 12 (b) (3), and V.I. Code Ann. tit. 5, Secs. 4903 and 4905 (1995). In deciding the motion, this Court must determine (1) whether Defendants Scott and Tartan, by their actions, either directly or indirectly through an agent, subjected themselves to personal jurisdiction by this Court; and (2) whether Plaintiff Hommel is a domiciliary of the United States Virgin Islands. Because the Court answers both questions in the negative, Defendants' motion to dismiss will be Granted.

## FACTS AND PROCEDURAL POSTURE

Tartan Leasing, L.L.C. owns a sailing schooner known as "Voyager". [Affidavit of Scott, p. 2]. Scott is the president of Tartan Leasing, L.L.C.. [Affidavit of Scott, p. 1]. During August 1994, Hommel approached Scott in Detroit, Michigan, with a business proposition concerning the chartering of the vessel "Voyager" during the winter tourist season of 1994/1995, in the U.S. Virgin Islands. Accordingly, Tartan, through Scott, entered into a contract with Hommel to operate and manage a charter boat service in the U.S. Virgin Islands, wherein Hommel would function as Captain of "Voyager" until at least June 15, 1995. [Plaintiff's Verified Complaint, p. 2, para. 8].

Scott and Hommel sailed "Voyager" from New York to the U.S. Virgin Islands. Hommel acted pursuant to directives of Scott. He hired a crew, investigated licensing requirements, and met with

charter brokers. [Affidavit of Hommel, p. 2, para. 5 (July 1995)]. Subsequently, Hommel submitted invoices to Scott for operating expenses and his salary. Defendants made only partial payment on these invoices. [Affidavit of Hommel, p. 2, para. 6 (July 1995)]. The amount of $10,849.00 is still outstanding as of January 20, 1995. [Affidavit of Hommel, para. 4 (Jan. 1995)]. On January 20, 1995, Scott ordered Hommel to cease operations in the U.S. Virgin Islands and to transfer control of "Voyager" to Tom Maples with further direction to Mr. Maples to take "Voyager" to Florida. [Affidavit of Hommel, para. 6 (Jan. 1995)]. Hommel refused to comply with this directive until such time as he was compensated for work already performed, and for costs he had already incurred pursuant to his contract with Defendants.[Affidavit of Hommel, p. 3, para. 7 (July 1995)].

Pursuant to V.I. Code Ann. tit. 28, Sec. 581 (1995), Hommel caused a maritime lien to be filed against "Voyager" in the amount of $10,849,00. This lien was served on Defendants on January 23, 1995. [See Exhibit "A"]. That night, "Voyager" was surreptitiously removed from the U.S. Virgin Islands territorial waters without Hommel's knowledge or consent. [Affidavit of Hommel, p. 3, para. 8 (July 1995)].

On February 9, 1995, Hommel filed an action for Breach of Contract, Promissory Estoppel, and Enforcement of Lien. On July 12, 1995, Defendants filed a Motion to Dismiss on the grounds that this Court cannot assert *in personam* jurisdiction over them, and that they should not be required to defend Plaintiff's charges in an inconvenient forum. This Court agrees.

### DISCUSSION

I.

The primary issue before this Court is whether Hommel established that Defendants Scott and Tartan have had sufficient contacts with the territory of the U.S. Virgin Islands in order for this Court to properly exercise *in personam* jurisdiction over them. Defendants allege that they are not subject to *in personam* jurisdiction in the U.S. Virgin Islands. "Once a jurisdictional defense has been properly raised, the plaintiff bears the burden of demonstrat-

ing contacts with the forum state sufficient to give the court *in personam* jurisdiction." *Compagnie des Bauxites de Guinee v. L'Union,* 723 F.2d 357 (3d. Cir. 1993).

■ Fed. R. Civ. P. 4(k)(1)(A) permits a district court to assert *in personam* jurisdiction over a non-resident, to the extent allowed under the law of the state where the district court sits.[1] Under V.I. Code Ann. tit. 5, Sec. 4903 (1995), a territorial court may exercise *in personam* jurisdiction over a non-resident defendant provided that the criteria under any one of this section's eight subsections are met. In addition, a court's exercise of *in personam* jurisdiction over a defendant must comport with the requirements of the Due Process clause of the United States Constitution. Under the due process clause, a court may not exercise *in personam* jurisdiction over a non-resident defendant unless there exist certain "minimum contacts" between the defendant and the forum state. *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 289 (1980). Before hearing a case, a court must determine whether "the quality and nature of the defendant's activity is such that it is reasonable and fair to require that the defendant conduct its defense in that state." *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 313 (1940).

■ In averring that Defendants are subject to this Court's jurisdiction, Hommel premised jurisdiction on subsection (a)(1) of the Virgin Islands Long Arm Statute, V. I. Code Ann. tit. 5, Sec. 4903 (1995). Under this section, *in personam* jurisdiction is proper where a defendant, acting either directly or indirectly through an agent, transacted any business in this territory. V. I. Code Ann. tit 5, Sec. 4903 (a)(1) (1995). Transacting any business, as used in subsection (a)(1) of this section, is a term of art which means less than doing business but more than performing some inconsequential act. V. I. Code Ann. tit. 5, Sec. 4903 (1995). It requires that a defendant "engage in some type of purposeful activity within the territory." *Hendrickson v. Reg O Co.,* 17 V.I. 457 (1980); *Buccaneer Hotel Corp. v. Reliance Int'l Sales Corp.,* 17 V.I. 249 (1981). To invoke jurisdiction over a non-resident defendant under subsection (a)(1) of the Virgin

---

[1] Absent a territorial or district court rule to the contrary, this Court adheres to the Federal Rules of Civil Procedure.

Islands Long Arm Statute, a court must determine whether the claim which is being pursued arises from the non-resident defendant's, or its agent's, forum related activities, and whether there are enough contacts arising out of such activities as are required to justify the assertion of jurisdiction over the defendant. *Dickson v. Hertz Corp.*, 19 V.I. 501, 504 (1983).

In the instant case, Scott averred in a sworn statement that Hommel is not, and has never been, an agent for either himself or Tartan. Scott further avers that neither he, nor Tartan, has ever had an agent transact business on either his, or Tartan's, behalf. These averments notwithstanding, this Court finds that the relationship between Plaintiff Hommel and Defendants Scott and Tartan is that of principal and agent, in which Hommel is the agent.

■ In order to be an "agent", that individual or entity must be subject to the right to control by a principal. Restatement (Second) of Agency Sec. 2 (1957). The facts show that Hommel hired a crew and negotiated with local charter brokers, pursuant to such directives from Scott. Further, Hommel had been instructed not to take certain specified actions without Defendants' consent. Hommel subjected himself, and was expected by Defendants to be so subjected, to the direction and control of Scott and Tartan.

■ Although this Court finds that a special relationship of principal and agent exists between the Plaintiff and Defendants, and that this relationship provides a basis for this Court to assert *in personam* jurisdiction over the Defendants pursuant to subsection (a)(1) of the V. I. Code Ann. tit. 5, Sec. 4903 (1995), the inquiry does not stop there. In order for this Court to assert *in personam* jurisdiction over any defendant, it must also determine whether such assertion of jurisdiction is permissible under the Due Process clause of the Constitution of the United States. In determining whether the due process clause permits the exercise of *in personam* jurisdiction over a non-resident defendant in a particular case, the United States Supreme Court has established a two step analysis. First, the Court must determine whether the non-resident defendant has purposefully established "minimum contacts" with the forum state. *Hanson v. Denkla*, 357 U.S. 235, 253 (1958). Then, secondly, even if such contacts do in fact exist, the Court must

insure that the exercise of jurisdiction does not offend "traditional notions of fair play and substantial justice." *Asahi Metal Industry Co. v. Superior Ct. of California*, 480 U.S. 102, 115 (1987); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 486 (1985).

■ Underlying the concept of "minimum contacts" is the principle that a defendant who directly, or indirectly through an agent, purposefully seeks the benefits and protection of the laws of the forum state should be subject to the burdens and obligations of that state's laws as well. Only substantial and deliberate contacts, purposefully directed at the forum state, will subject a non-resident defendant to the burdens of litigating in a foreign forum. *Asahi*, 480 U.S. at 109; and *Burger King Corp.*, 471 U.S. at 474.

Defendants Scott and Tartan have no cognizable contacts with the U.S. Virgin Islands. Notwithstanding this Court finding that Hommel did act on Defendants' behalf in his capacity as their agent, this Court finds that the nature and quality of his related activities within the territory do not rise to the level of establishing such minimum contacts necessary to bind Defendants as principals. Critical to this determination is the fact that Hommel never actually started the charter business he had been hired to operate. Prior to filing his complaint, Hommel's activities vis-a-vis his contract with Defendants had been preparatory in nature. Hommel has yet to book or execute any tours in the U.S. Virgin Islands on Defendants' behalf, as he has yet to receive any monies from any prospective customers toward that end. Further, the local economy was not impacted in any discernable way, either positively or negatively, by the activities of Hommel while functioning as agent for Scott and Tartan.

In determining whether this Court's assertion of *in personam* jurisdiction over Defendants Scott and Tartan would offend "traditional notions of fair play and substantial justice," the Court must consider, among other factors, whether these defendants could have reasonably foreseen the possibility of being haled into a U.S. Virgin Islands court when they negotiated and executed a contract with Hommel in Michigan. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Also, the Court must consider whether the Defendants' expectation of possible subjugation to U.S. Virgin Islands law extends to collateral matters not arising out

of such activity as could satisfy the definition of "transacting business", as defined under the V. I. Code Ann. tit. 5, Sec. 4903 (1995). *Hendrickson v. Reg O Co.*, 17 V.I. at 462. Hommel's efforts to establish the agreed upon charter business are thus of little or no consequence in deciding whether Defendants Scott and Tartan "transacted business" in the U.S. Virgin Islands, since any and all such activities occurred before Hommel could get the business started. As such, Defendants Scott and Tartan cannot be said to have availed themselves of the privileges and benefits of the territory of the U. S. Virgin Islands.

## II.

Although Hommel swore that he resided in the U.S. Virgin Islands at the time this action commenced, and that it is his express intention to return to the U.S. Virgin Islands, Defendant Scott has challenged Hommel's veracity on these averments. "One's testimony with regard to his intention to make a particular place his domicile . . . may frequently . . . be contradicted or negatived by other declarations and inconsistent acts." *Dist. of Columbia v. Murphy*, 314 U.S. 441, 456 (1941). It is well established that the burden of proof is on the party who claims that the domicile has been changed. *Gumbs v. Gumbs*, 14 V.I. 550, 558 (1978) (citing *Mitchell v. United States*, 88 U.S. 350, 353 (1875). Hommel has not met his burden of production to overcome Defendants' challenge, for which he is required to provide this Court with uncontroverted evidence that he is indeed a domiciliary of the U.S. Virgin Islands; *e.g.* a V.I. voter's registration card, a U.S. Virgin Islands driver's license, or even a local physical or mailing address. The absence of such corroborating evidence precludes a finding that Hommel was, at the time of this cause of action, domiciled in the U.S. Virgin Islands.

Since Hommel is not a domiciliary of the U.S. Virgin Islands, this territory has no real interest in protecting any real or presumed interest Hommel might have in this matter. Accordingly, this court will not pursue this matter unless Defendants had, by their direct actions, or indirectly through an agent, purposefully availed themselves of the benefits and privileges of the laws of the U.S. Virgin Islands. This Court has already found no such availment of

the territory's laws or customs, either directly by Defendants, or indirectly through their agent, Hommel.

## CONCLUSION

This Court finds that while 5 V.I.C. Sec. 4903 (a)(1) extends to Defendants in the case at bar, the Due Process clause of the United States Constitution does not permit this Court to exercise *in personam* jurisdiction over these Defendants. Accordingly, Defendants' motion to dismiss will be GRANTED.

DATED this 21st day of November, 1996.

## ORDER

In accordance with the Memorandum Opinion of even date, it is hereby

ORDERED that Defendants' Motion to Dismiss be and the same is GRANTED; and it is further

ORDERED that this matter be and the same is hereby DISMISSED; and it is further

ORDERED that copies of this Order shall be directed to counsel of record.

DATED this 21st day of November, 1996.